PRESTON J. DORCHESTER, Appellant, *v.* EDWIN G. DORCHESTER et al., Respondents.

The provision of the Code of Civil Procedure (§ 1349), as to appeals to the General Term from interlocutory judgments, does not authorize that court to review, upon the facts, an interlocutory judgment entered upon the report of a referee.

A motion at General Term for a new trial after entry of an interlocutory judgment, upon the report of a referee as authorized by said Code (§ 1001), brings up only questions of law.

Before the case can be reversed by the General Term upon the facts, where an interlocutory judgment has been so entered, there must be a final judgment, and then the law and the facts may be reviewed on appeal therefrom. (§§ 1301, 1316, 1317, 1336, 1337.)

Where, therefore, there was an appeal to the General Term from an interlocutory judgment entered as directed by the report of a referee, also a motion for a new trial, and the General Term reversed the judgment, the order of reversal stating it was upon the facts, *held,* that the order was unauthorized, as the court had no power to review the facts; that as the order was an "actual determination" of the General Term, although made without power, it was reviewable here; and that, as it appeared from the order that the court below had not exercised the

power it did possess of reviewing the judgment for error of law, said order should be reversed and the case remanded to the General Term for a hearing upon the questions of law.

(Argued March 14, 1890; decided April 15, 1890.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 19, 1888, which reversed a judgment in favor of plaintiff and ordered a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*D. C. Backenstose* for appellant. The General Term had no power to make the order herein reversing the interlocutory judgment. (Code Civ. Pro. § 1001; 2 Rumsey's Pr. 753; *Raynor* v. *Raynor,* 94 N. Y. 250; *Wahl* v. *Barnum,* 116 id. 95; *Hathaway* v. *Russell,* 13 J. & S. 540.) Whenever the relations between contracting parties appear to be of such a character as render it certain that they do not deal on terms of equality, the transaction is presumed to be void, and the burden is shifted upon the strongest party, and it becomes incumbent upon him to show affirmatively that no deception was practiced. (*Cowee* v. *Cornell,* 75 N. Y. 91; *In re Smith,* 95 id. 516; *Green* v. *Roworth,* 113 id. 462; *Sears* v. *Shafer,* 7 id. 268, 272; *Boyd* v. *De La Montagnie,* 73 id. 498, 502, 503; *Weller* v. *Weller,* 44 Hun, 172.) The General Term ought not to have reversed the judgment and granted a new trial unless the evidence clearly preponderated against the conclusion reached by the referee. (*Baird* v. *Mayor, etc.,* 96 N. Y. 567; *Crane* v. *Bandoine,* 55 id. 265; *Westerlo* v. *De Witt,* 36 id. 340.) If this court should be of the opinion that the defendant Dorchester is entitled to have returned to him the one dollar claimed to be paid by him at the time of taking the bill of sale, the judgment can be so modified. (*Allerton* v. *Allerton,* 50 N. Y. 670; *Fisher* v. *Bishop,* 108 id. 25.)

*William F. Cogswell* and *A. P. Rose* for respondents. There is no presumption of undue influence or of fraud. (*Post* v. *Mason,* 91 N. Y. 539; *Stout* v. *Smith,* 98 id. 25; *Beauland* v. *Bradley,* 2 S. & G. 339; *Jenkis* v. *Pye,* 12 Pet. 241, 253, 254; *In re Phelps,* 19 Wkly. Dig. 293; *In re Ellick,* Id. 231; *In re Smith,* 95 N. Y. 522.)

O'BRIEN, J. The plaintiff, by a written instrument bearing date July 1, 1884, expressed to be in consideration of love and affection, transferred to his son and only child, the defendant, his interest in a store, and afterwards assigned to him a policy of insurance on his life. At the time of the transfer, the plaintiff was an equal partner with another person in the store, and it does not appear what the value of the interest transferred to the defendant was, or would be, upon an accounting and adjustment of the partnership affairs, nor does it appear what was the value of the policy of insurance. The defendant, upon the delivery of the transfer to him, took possession of his father's interest in the store and carried on the business in connection with the other partner, who recognized and treated him as a partner succeeding to his father's rights and interests. The plaintiff drew money from the store, with the defendant's consent, in such sums as he needed for his personal wants, the same as before the transfer. He was, at the time he made the transfer to the defendant, about sixty-seven years old, and a widower. In April, 1887, he brought this action to set aside the assignment of the interest in the store, and of the policy of insurance to his son, the defendant, on the ground that he was, at the time, incompetent to make the transfer in consequence of feebleness of mind, induced by ill health and the excessive use of intoxicating drinks.

There was no question as to the rights of creditors. The only question involved was the capacity of the plaintiff to make the contract, and, consequently, the validity of the instrument between the parties.

The cause was tried before a referee, who directed the entry of an interlocutory judgment setting aside the transfer by

plaintiff to defendant, and providing for an accounting by the defendant of the proceeds of the business and property so transferred. Without completing the case, the defendant appealed from the interlocutory judgment to the General Term, where it was reversed, as the order states, upon the facts, and a new trial granted.

We would have no difficulty in agreeing to the conclusion at which the General Term has arrived in regard to the merits of the case, but we have no power to examine the facts for the reason that they were not, as we think, properly before the General Term. The Code of Civil Procedure (§ 1338), requires this court to review the determination of the court below, upon the facts, when it appears from the order that the reversal was upon questions of fact, and that does appear by the order in this case. But it is quite obvious, that this section refers to a final judgment. The power of the General Term to review a final judgment upon the report of a referee, upon either the facts or the law, or both, is ample. (Code, § 1346). There are two sections of the Code, that confer power upon the General Term to review an interlocutory judgment. After its entry the party aggrieved may make a motion at the General Term under section 1001 for a new trial upon one or more exceptions contained in a case to be settled as provided in section 997, and after the decision of this motion, an appeal may be taken by the unsuccessful party to this court; but, upon this motion, at the General Term, or the appeal to this court from the order made thereon, only questions of law, arising upon the exceptions, can be reviewed. (*Raynor* v. *Raynor*, 94 N. Y. 248.)

Certain interlocutory judgments may also be reviewed by the General Term on appeal taken in pursuance of the provisions of section 1349, but this section does not authorize the General Term to review an interlocutory judgment entered upon the report of a referee. There seems to be no reason why such a judgment, when entered upon the direction of a referee, should not be reviewed at the General Term in the same way as the other judgments mentioned in this section.

The legislature, for some reason, omitted to confer power on the General Term, either by this section or any other of the Code that has come to our attention, to review an interlocutory judgment directed by a referee upon the facts.

In this case the defendant has attempted to bring the case before the General Term by two distinct proceedings. He has appealed under section 1349, and moved for a new trial upon a case and exceptions under section 1001. We have seen that the appeal is unauthorized and that the motion for a new trial presented only questions of law. The order granting a new trial, which we are asked to review, was made upon the facts which were not before the court below for examination. The proper disposition to make of the case under these circumstances is not altogether clear.

Though the General Term, as we think, was without power to review the facts, we cannot for that reason dismiss the appeal, as section 190 confers jurisdiction upon this court to review an "actual determination" of the General Term, and this is such a determination, although made without power. The General Term was authorized to review the exceptions upon the motion for a new trial, and to reverse the interlocutory judgment for any error of law appearing in the case; but it did not, in fact, as appears from its order, exercise that power. It is probably true that this court has the power to review these exceptions and to affirm the order of the General Term, should it appear that the case presents any question of law upon which the General Term could have properly based its order of reversal, though the decision proceeded upon an entirely different ground. (*Ward* v. *Craig*, 87 N. Y. 550; *Marvin* v. *Universal Life Ins. Co.*, 85 id. 278.)

But as the General Term has not yet exercised the power conferred upon it by section 1001 to review these exceptions, and to reverse or affirm on the questions of law, we think the case should go back to that court for further hearing. If the exceptions are sustained, a new trial to the defendant must follow, and if they are overruled, an appeal can be taken to this court. Before the case can be reviewed on the facts, the

parties must go back before the referee, and finish the case and enter final judgment. Then the law and the facts can be reviewed under the provisions of sections 1301, 1316, 1317, 1336, 1350, and other provisions of the Code.

The order appealed from should be reversed and the case remanded to the General Term for a hearing upon the questions of law, costs to abide event.

All concur.

Ordered accordingly.