CAROLINE R. GARCZYNSKI, Respondent, *v.* DORR RUSSELL, Individually and as Executor and Trustee under the last Will and Testament of LUCY G. RUSSELL, Deceased, and Others, Appellants.

*Judgment — when interlocutory and not final — appeal therefrom — Code of Civil Procedure, §§ 1346, 1349 and 1001 — the right to appeal is purely statutory — it cannot be conferred by consent.*

A portion of the relief sought in an action in the nature of a creditor's bill was that an accounting should be ordered to be made by one of the defendants of certain property, and of the proceeds thereof, to the end that such property might be sold and the proceeds, or a portion of the proceeds, thereof be applied to the payment of the plaintiff's judgment. The referee to whom such action was referred found as a conclusion of law that the plaintiff was entitled to the accounting demanded in her complaint, and the judgment entered upon such report contained a provision to that effect.

*Held,* that such judgment was an interlocutory and not a final judgment.

A judgment of the Supreme Court which was not rendered at the Special Term or Circuit, but upon the report of a referee, and which is not a final judgment, is not appealable under the provisions of section 1346 of the Code of Civil Procedure, nor under section 1349, as it stood on March 2, 1893, and the amendment to section 1349 passed on May 6, 1893, to take effect September 1, 1893, has no effect upon an appeal taken on March 2, 1893.

When an interlocutory judgment is entered upon the report of a referee the only method of reviewing it which existed on March 2, 1893, was by a motion for a new trial upon exceptions under section 1001 of the Code of Civil Procedure.

The fact that a respondent raised no question as to the appellant's right to appeal does not confer upon the General Term of the Supreme Court authority to determine the question sought to be reviewed in the absence of any law authorizing the appeal.

As a general rule the right of appeal is purely statutory and can be taken only from such judgments as are designated, expressly or impliedly, by the statute

authorizing the appeal, and it must be taken within the time and in the mode prescribed. Parties cannot appeal by their own act where no appeal is authorized by law, nor can they create a right of appeal.

APPEAL by the defendant, Dorr Russell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Otsego on the 27th day of January, 1893, and an appeal by the defendants, Dorr Russell, as executor, etc., and others, from said judgment and from an order made at the Otsego County Special Term on January 17, 1893, amending and settling the judgment herein.

*Johnson & Lamb* and *E. M. Harris*, for the appellants.

*George M. Weaver* and *A. M. Beardsley*, for the respondent.

MARTIN, J.:

This action was in the nature of a creditor's bill. A portion of the relief sought was that an accounting should be ordered to be made by the estate of Lucy G. Russell of the railroad stocks, bonds, securities and other property deposited with Edward C. Clark and transferred to her, and of the proceeds and avails thereof, and all other moneys and property received by her directly or indirectly from Dorr Russell, and of the rents, issues and profits thereof, and that if it should appear that Lucy G. Russell paid anything from her own separate estate for the Bowers' mortgage and that her estate should be credited and allowed the moneys so paid, then that an accounting should be ordered and an account be taken of the moneys so paid, and also of the moneys, income, property and profits received by her, or by any other person for her use, or by the defendants, or either of them, and of the balance (if any) remaining unpaid and due to her, or her estate, to the end that the said farm or property might be sold subject to her lien for such unpaid balance, and the proceeds applied to the payment of the plaintiff's judgment; that upon such accounting the defendants and the estate of Lucy G. Russell be charged with any or all moneys or property paid by Dorr Russell directly or indirectly for the Clark mortgage, and with the railroad stocks, bonds, securities and other property deposited by Russell with Clark, and subsequently delivered to Lucy G. Russell, or to or for her benefit.

The referee found, as a conclusion of law, that the plaintiff was entitled to the accounting demanded in her complaint, and the judgment entered upon such report contained a provision to that effect.

The appellants in their brief claim that the judgment directed by the referee, and entered upon his report, is not final, but a mere interlocutory judgment. We think this contention must be sustained. Some of the earlier cases seem to hold a contrary doctrine, but the case of *Dorchester* v. *Dorchester* (121 N. Y. 156), which is the latest case that has come to our notice, is so nearly like the case at bar that we must either disregard that case as an authority, or hold with the appellants that the judgment appealed from is interlocutory, and not final. We think the judgment must be treated as interlocutory.

Therefore, at the threshold of the investigation of this case, the question presents itself whether an appeal could properly be taken from such a judgment. It not being a final judgment, it was not appealable under the provisions of section 1346 of the Code of Civil Procedure. And as an inspection of the judgment shows that it was not rendered at a Special Term, Circuit or trial term of this court, but upon the report of a referee, it was not appealable under the provisions of section 1349 of the Code as it stood when this appeal was taken. It appears from another appeal book, which was handed up on appeal from an order made by the Special Term in this case, that the form of the judgment was settled by the Special Term, and leave given to enter it as the judgment upon the referee's report in the action, but there is nothing in the appeal book furnished us on the appeal from the judgment in this case which discloses the existence of any such order. Even if we were to assume, which we think we cannot, that the order should be considered in determining whether the judgment appealed from was entered upon the report of a referee, or entered at a Special Term of this court, yet, it is quite obvious that the order of the Special Term, at most, determined the form of the judgment to be entered upon the report; that the report of the referee was the basis of the judgment, and that it was not rendered at a Special Term within the meaning of section 1349 of the Code, but rendered upon the report of a referee.

Assuming then, as we think we must, that the judgment was entered upon the report of a referee, and that it was interlocutory and not final, it is quite manifest that the only method of reviewing it which existed when this appeal was attempted to be taken was by a motion for a new trial upon the exceptions under section 1001 of the Code.

While section 1349 of the Code has since been amended by an act passed May 6, 1893, to take effect the 1st of September, 1893, so as to give the right of appeal from a judgment thus entered, yet, as the appeal in this case was taken in March of that year, the defendants had no right to appeal from such a judgment under the statute as it existed at the time when the appeal in this case was taken. Under these circumstances we see no way to properly dispose of this case, except to dismiss the appeal.

Although the respondent has raised no question as to the appellants' right to appeal, we are unable to perceive how such omission confers upon this court authority to determine the question sought to be reviewed in the absence of any law authorizing the appeal. As a general rule, the right of appeal is purely statutory, and can be taken only from such judgments as are designated, expressly or impliedly, by the statute authorizing the appeal, and it must be taken within the time and by the mode prescribed. Parties cannot appeal by their own acts where no appeal is authorized by law, nor can they, by their own acts, create a right of appeal, as jurisdiction of appeals is created by law. To permit parties to create such a right would be a violation of the rule that parties cannot create jurisdiction of the subject by consent. (Elliott's Appellate Procedure, §§ 75 *et seq.*) This question is not one of mere irregularity, but relates to the right of the party to appeal from such a judgment, and, hence, to the authority of this court to determine the questions involved. The question is not one of practice, but of power; is not one of discretion, but of jurisdiction.

In *Kundinger* v. *City of Saginaw* (59 Mich. 355, 364) it was held that the right to appeal from one tribunal to another is statutory. In *Kramer* v. *The Cleveland & Pittsburgh Railroad Co.* (5 Ohio St. 140, 147), in discussing the question of the determination of freeholders in condemnation proceedings, it was said: " It might have been more judicious to have provided for reviewing

their determination. But this was a matter of legislative discretion, not to be revised by the judiciary." In *City of Minneapolis* v. *Wilkin* (30 Minn. 140, 144) it was said: "The right of appeal is purely statutory, and does not exist when not given by statute. Indeed, it has been held that an existing right of appeal may be taken away by repeal of the statute, even as to causes previously appealed," citing *Ex parte McCardle* (7 Wall. 506). It was held in *State* v. *Meeker* (19 Neb. 444) that the right of review by appeal or proceedings in error is a statutory one, citing *Wilcox* v. *Saunders* (4 Neb. 569) and *The State* v. *Ensign* (11 id. 531). In *Ex parte Ferry Co.* (104 U. S. 519) WAITE, Ch. J., said: "If there is jurisdiction, and no provision for appeal or writ of error, the judgment of the trial court is the judgment of the court of last resort, and concludes the parties." Many other cases in different Commonwealths might be cited to sustain the general doctrine that the right of appeal exists only when conferred by statute, and can be taken only in the time and mode prescribed.

It is, however, unnecessary to rely upon this general principle relating to appeals, as the case of *Dorchester* v. *Dorchester* (121 N. Y. 156) is a direct authority upon the precise question under consideration. In that case it was held that the provisions of the Code of Civil Procedure (§ 1349) as to appeals to the General Term from interlocutory judgments, does not authorize that court to review, upon the facts, an interlocutory judgment entered upon the report of a referee. A motion at the General Term for a new trial after entry of an interlocutory judgment, upon the report of a referee as authorized by the Code (§ 1001), brings up only questions of law. Before the case can be reversed by the General Term upon the facts, where an interlocutory judgment has been so entered, there must be a final judgment, and then the law and facts may be reviewed on appeal therefrom. (§§ 1301, 1316, 1317, 1336, 1337.) In that case there was an appeal to the General Term from an interlocutory judgment entered upon the report of a referee, which was very similar to that in this case, and there was also a motion for a new trial, and the General Term reversed the judgment, the order of reversal stating it was upon the facts, and it was held that the order was unauthorized as the court had no power to review the facts; that as the order was an actual determination of the General

Term, although made without power, it was reviewable in the Court of Appeals, and that as it appeared from the order that the court below had not exercised the power it did possess of reviewing the judgment for an error of law upon a motion for a new trial, the order should be reversed and the case remanded to the General Term for a hearing upon the questions of law. In delivering the opinion in that case Judge O'Brien says: "Certain interlocutory judgments may also be reviewed by the General Term on appeal taken in pursuance of the provisions of section 1349, but this section does not authorize the General Term to review an interlocutory judgment entered upon the report of a referee." That case seems to be decisive of the question under consideration, and as there was in this case no motion for a new trial under section 1001 of the Code, the case is not properly before us and the defendants' appeal must be dismissed. (*Knowlton* v. *Atkins*, 134 N. Y. 313, 322; *Bullion* v. *Bullion*, 73 Hun, 437.)

Hardin, P. J., and Merwin, J., concurred.

Appeal dismissed, with costs.