### JONES v. SABIN.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. APPEAL—JUDGMENTS APPEALABLE.     •

     A judgment of dismissal rendered pursuant to Code Civ. Proc. § 3277, authorizing a dismissal of the complaint on plaintiff failing to comply with an order requiring him to give an additional undertaking, is not appealable, within section 1346, authorizing appeals from judgments rendered on a trial by referee or court or on verdict of a jury.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 717–723.]

2. SAME.

     On appeal from a nonappealable judgment, the court cannot review orders specified in the notice of appeal, notwithstanding Code Civ. Proc. § 1316, providing that an appeal from a final judgment brings up for review intermediate orders specified in the notice of appeal; the appeal referred to being one from a judgment that is appealable.    .

3. SAME—RIGHT OF APPEAL—STATUTES.

     The right of appeal is statutory, and can only be taken from such judgment as the statute authorizes.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 3, 4.]

4. SAME.

     The words "either before or after trial," in Code Civ. Proc. § 1209, providing that a final judgment dismissing the complaint "either before or after trial" does not prevent a new action, etc., refer to the dismissal of the complaint and the rendering of a judgment thereon, in an action brought on for trial, either on issues of law or of fact, and either before evidence is taken or afterwards, and such a judgment is final and appealable under section 1346, defining what judgments are appealable.

5. SAME—NOTICE OF APPEAL.

     A notice of appeal from a judgment, which asks for a review of specified orders only by virtue of the appeal from the judgment, cannot be con-

strued as a direct appeal from the orders; and where the appeal is un-
authorized, the orders cannot be reviewed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error,
§ 2147.]

6. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—DEPRIVATION OF PROPERTY—
DISMISSAL OF ACTION—COUNTERCLAIM.

Where no affirmative relief was obtained or asked for by defendant on
a counterclaim, when he applied for judgment of dismissal of the com-
plaint, because of the failure of plaintiff to give an additional undertak-
ing, as required by order of the court, the dismissal of the complaint did
not violate any of plaintiff's property rights under Const. U. S. Amend.
14.

Appeal from Special Term, New York County.

Action by G. Edwin Jones against Harriet G. Sabin. From a judg-
ment dismissing the complaint for failure of plaintiff to file an addi-
tional undertaking, he appeals. Dismissed.

Argued before PATTERSON, P. J., and McLAUGHLIN,
LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

James C. Lenney, for appellant.
Theodore S. Rumney, Jr., for respondent.

HOUGHTON, J.   The plaintiff brought action upon contract
against the defendant, a nonresident, and obtained a warrant of at-
tachment, and levied upon certain moneys in bank belonging to de-
fendant.   The defendant desired a release of the moneys from the levy
of the attachment, and filed an undertaking releasing them.   Instead
of obtaining an order releasing the levy on such undertaking, her
attorneys presented to plaintiff's attorneys a stipulation for "dis-
charging the attachment" according to an annexed order, which order
not only provided for a discharge of the levy but vacated the attach-
ment itself.   On the signing of the stipulation by the attorneys for
both parties, the defendant entered the order, and shortly thereafter
discovered her own mistake in providing in the order that the at-
tachment be vacated whereas she desired simply the discharge of
the levy thereunder, and made a motion to be relieved from that
part of the order vacating the attachment, which motion was granted
and the attachment thus restored with the levy discharged.   There-
upon the defendant moved that the plaintiff be compelled to give
additional security on his attachment, and that motion was granted,
requiring plaintiff to give an additional undertaking of $3,000.   This
undertaking plaintiff failed to give, whereupon defendant moved
under the provisions of section 3277 of the Code of Civil Procedure for
judgment dismissing plaintiff's complaint, with costs, which motion
was granted, and such judgment entered.   By his notice of appeal
the plaintiff states that he appeals from this judgment, giving its
date and place of entry, and states that on such appeal he will bring
up for review the various orders above enumerated.

Section 3277 of the Code specifically prescribes that on failure to
comply with the order for an additional undertaking on the part of
plaintiff the defendant may apply for judgment as upon a motion.
We are of the opinion that a judgment so entered is not appealable
to this court, and that it not being appealable this court has no power

to review the various orders mentioned in plaintiff's notice of appeal.

Section 1346 of the Code prescribes from what judgments an appeal may be taken to this court, and they are judgments rendered upon a trial by a referee or by the court without a jury, and those rendered upon the verdict of a jury. The judgment against plaintiff was not rendered upon a trial, and does not come within the provision permitting an appeal. It is more analogous to a judgment by default, in which the remedy is to move to open the default and appeal from the order denying it, Hawkins v. Smith, 91 Hun, 299, 36 N. Y. Supp. 333. It is true that section 1316 provides that an appeal taken from a final judgment brings up for review an interlocutory judgment, or an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment; but it is manifest that the appeal referred to must be one taken from a judgment that is appealable. The right of appeal is a statutory one, and can only be taken from such judgments as the statute authorizes. Garczynski v. Russell, 75 Hun, 512, 27 N. Y. Supp. 461.

Section 1209, which provides that a final judgment dismissing the complaint either before or after a trial does not prevent a new action for the same cause, unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits, does not help the situation. The words "either before or after a trial" refer to the dismissing of a complaint, and the rendering of judgment thereon in an action which is brought on for trial either upon issues of law or of fact, and either before evidence is taken or after it shall have been taken. Such a judgment would be a final judgment and one appealable under the provisions of section 1346. Nor can plaintiff's notice of appeal be construed as a direct appeal from the various orders mentioned in it. There is no statement that the various orders are appealed from, and they are asked to be reviewed only by virtue of the appeal from the judgment. This appeal being unauthorized, the review of the orders must fall with it. If we felt authorized to do so, we should be inclined to grant the plaintiff some relief. The judgment entered, however, is not a bar to another action which plaintiff can bring if he sees fit.

It is urged that because defendant's answer set up a counterclaim the dismissal of plaintiff's complaint is in violation of his property rights under the Fourteenth Amendment of the federal Constitution. No affirmative relief was obtained or asked for by the defendant upon her counterclaim when she applied for judgment of dismissal of plaintiff's complaint. The situation is unlike that in Sibley v. Sibley, 76 App. Div. 132, 78 N. Y. Supp. 743, and Hovey v. Elliott, 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215, upon which plaintiff relies. In those cases a party's pleading was stricken out, and the action continued and affirmative relief given against him.

The appeal must be dismissed, but under the circumstances without costs. All concur.