(128 App. Div. 169.)

STERN v. MARCUSE et al.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

1. APPEAL AND ERROR (§ 127*)—RIGHT OF APPEAL—DEFAULT.

   Where, in an action to foreclose a mortgage on two tracts of land, M., the owner of one tract, neither answered in the action nor appeared in opposition to the motion of K., the owner of the other tract, as to the order in which the tracts should be sold, he has no right of appeal from the order made on the motion; right of appeal being denied one by Code Civ. Proc. § 1294, from a judgment or order on his default.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–891; Dec. Dig. § 127.*]

2. APPEAL AND ERROR (§ 151*)—PARTY AGGRIEVED.

   Plaintiff, in an action to foreclose a mortgage on two tracts owned by different persons, is not a party aggrieved by an order that one tract be sold first, if it bring enough to pay the full amount, and so, under Code Civ. Proc. § 1294, cannot appeal therefrom.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–952; Dec. Dig. § 151.*]

Appeal from Special Term, Westchester County

Action by Nettie Stern against Millard Marcuse and others. From an order in favor of defendant August J. Kimmerle, plaintiff and defendants Marcuse appeal. Dismissed.

See, also, 119 App. Div. 478, 103 N. Y. Supp. 1026.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Milton Mayer (James McBrien, on the brief), for appellant Stern. Maurice D. Abrams, for appellants Marcuse. David Ross, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. The plaintiff in this case brought her action on the 29th day of August, 1906, to foreclose a $7,000 mortgage, covering two separate parcels of real estate situated in the city of Mt. Vernon. One of these parcels is owned by the defendant Marcuse and the other by defendant Kimmerle. The defendant Marcuse did not answer in the action. The defendant Kimmerle put in an amended answer, which, on demurrer, was held not to state facts constituting a defense. Upon an affidavit setting forth the same facts which were alleged in Kimmerle's answer, and alleging that the plaintiff was delaying in taking and entering judgment, to the prejudice of the defendant Kimmerle's equitable rights, the latter moved the court for an order directing the plaintiff to proceed in this action with all reasonable diligence, and directing that the judgment of foreclosure provide for the sale first of that portion of the mortgaged premises owned by the defendant Marcuse, and that at the sale the bidding be kept open, and that, in case the defendant Marcuse's portion of the mortgaged premises should not bring a price sufficient to pay the amount due upon said foreclosure judgment, together with the costs, etc., then the whole mortgaged premises be sold by the referee or person selling under said judgment. This order was granted, neither of the defendants Marcuse appearing in opposition thereto. The plaintiff and the defendants Marcuse appeal from the order.

The defendants Marcuse neither answered in the action nor appeared in opposition to the motion. Under the provisions of section 1294 of the Code of Civil Procedure they have no standing on this appeal. The law provides that:

"A party aggrieved may appeal, in a case prescribed in this chapter, except where the judgment or order, of which he complains, was rendered or made upon his default."

This is but an application of the maxim that "that to which a person assents is not esteemed in law an injury" (Broom's Legal Maxims, 201), and is abundantly supported by adjudications.

The plaintiff is not aggrieved. All her rights are fully protected, and she has no legal interest in the equities as between the defendants. She is entitled to collect the amount due to her under the mortgage, and this the judgment ordered fully does, at least to the full extent of the property covered by the mortgage, and whether this result is produced by selling the property of the defendants Marcuse, or of the defendants Kimmerle, or all of them, is of no legal consequence to her. "Appeals," say the court in Bryant v. Thompson, 128 N. Y. 426, 433, 28 N. E. 522, 524, 13 L. R. A. 745, "are not allowed to this court for the purpose of settling abstract questions, however interesting or important they may be to the general public or to the legal profession, but to correct errors injuriously affecting the rights of some party to the litigation." Clearly no party to this litigation is injuriously affected by the order now before this court.

The appeals should be dismissed, with costs in each appeal. All concur.