### BANES v. RAINEY.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. DISCOVERY (§ 107*)—COMPLIANCE WITH ORDER—DISMISSAL OF COMPLAINT.

Code Civ. Proc. § 808, authorizing dismissal of a complaint for noncompliance with an order for discovery, applies to an absolute and contumacious refusal, and not to a case where the party proceeded against makes discovery of the paper on which he relies for the prosecution or defense of the action, and hence an order of dismissal could not be entered on the theory that the papers filed by plaintiff under an order for discovery were forgeries, since that would amount to a summary decision of a question plaintiff was entitled to submit to a jury.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 107 *]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 93*)—ORDERS APPEALABLE—ORDERS OF DISMISSAL.
   An order dismissing the complaint for noncompliance with an order for discovery is appealable, under Code Civ. Proc. § 1347, subd. 5, as one which "in effect determines action and prevents a judgment from which an appeal might be taken."
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 646; Dec. Dig. § 93.*]

3. APPEAL AND ERROR (§ 1180*)—REVERSAL OF ORDER—EFFECT ON JUDGMENT.
   Since a reversal of an order dismissing a complaint disposes of the sole authority for the judgment thereon, it necessarily implies a reversal of the judgment.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1180.*]

Appeal from Trial Term, New York County.

Action by Samuel Thompson Banes against Roy A. Rainey, executor. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J, and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

James W. Osborne, for appellant.
Bartow S. Weeks, for respondent.

SCOTT, J.   Appeal from order dismissing complaint and from judgment of dismissal.

Plaintiff, a Philadelphia physician, sues for services rendered to W. T. Rainey, defendant's testator, on divers days between March 28, 1900, and September 7, 1903, at the rate of $300 per diem; his claim in this behalf amounting to $31,200. The basis of his claim is an alleged contract in writing said to have been executed by the deceased on September 10, 1898, whereby said deceased agreed to pay plaintiff the sum of $300 for each day that plaintiff should be in actual attendance upon said deceased. After the death of W. T. Rainey and the appointment of defendant as his executor, the plaintiff sent by mail to defendant certain papers, among which were what were said to be copies of said contract, and of two letters purporting to have been written by said W. T. Rainey to plaintiff dated, respectively, April 27, 1903, and June 19, 1903, together with an alleged copy of the account between said W. T. Rainey and plaintiff said to have been taken from plaintiff's books. These papers were sent as the basis of a claim against the estate. A few days afterwards defendant's attorney visited plaintiff at Philadelphia, and was shown what purported to be, and what plaintiff alleged were, the originals of the said contract and letters. The attorney examined them and arrived at the conclusion that the alleged signature of W. T. Rainey to the contract was a forgery, that the letter dated April 27, 1903, was a forgery throughout, and that, while the body of the letter of June 19, 1903, was in the handwriting of W. T. Rainey, there had been interpolated therein, by a hand other than his, a significant sentence.

The letter of April 27, 1903, and the interpolated sentence in the letter of June 19, 1903, if genuine, would tend to sustain plaintiff's claim that a contract had been made to pay him $300 per day. After defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant's attorney had left Philadelphia, plaintiff accused him of having taken the contract with him, and for this reason plaintiff has ever since professed his inability to produce said contract. Defendant's attorney absolutely denies having taken the contract, and it is defendant's contention that plaintiff's refusal to produce it results from the knowledge on his part that, if produced, it would readily be shown to be a forgery. Upon the report of his attorney defendant rejected the claim, and this action was begun. After the cause was at issue an application was made to the court for a discovery, deposit, and inspection of the aforesaid contract, letters, and original account, upon affidavits stating the facts above detailed. Thereupon an order was made granting the motion and directing that plaintiff give to defendant a discovery and inspection and permission to take copies of the contract, letters, and account.

It was further ordered that, in so far as concerned the question of fact regarding the existence and whereabouts of the contract and its possession and control by defendant, the said question be referred to a referee who was appointed to receive and hold the documents, as well as to take testimony for the information of the court, reporting thereon with his opinion, as to the existence, control, possession, and whereabouts of said contract, with a requirement that, if the referee should find that the contract was within plaintiff's possession or control, it also should be deposited with the referee to remain impounded pending the trial of the action. No appeal was taken from this order, and we are not called upon to criticise it. The parties appeared before the referee, and plaintiff stated his inability, for the reasons above stated, to produce the contract. He did produce two letters which he swore were the genuine original letters received by him from W. T. Rainey, under dates of April 27 and June 19, 1903. Defendant's attorney reiterated his denial that he had taken away the contract and testified that the documents produced as the letters of April 27 and June 19, 1903, were not the same documents which had been shown to him by plaintiff as the genuine original letters. The testimony taken before the referee covered a wide range; much of it being irrelevant to the one question referred.

The referee reported that there had been deposited with him a paper purporting to be the letter of April 27, 1903, a paper purporting to be the letter of June 19, 1903, and certain loose sheets purporting to be the account between plaintiff and W. T. Rainey. He also reported that in his opinion no such contract as that alleged by plaintiff had ever been executed. He accompanied his report with an opinion in which he stated his reasons for believing that no contract had ever been executed, and incidentally expressed the opinion that the papers filed with him and purporting to be the letters of April 27 and June 19, 1903, were fictitious. Thereupon, on motion, an order was made confirming the referee's report, charging the expenses of the reference upon the plaintiff, stating the conclusion of the court that the plaintiff had not complied with the order requiring him to make discovery because he had not deposited with the referee the letters of April 27, 1903, and June 19, 1903, and ordering that the complaint be dismissed, with costs,

and that the judgment be entered to that effect, which was done. It is from this order and judgment that plaintiff appeals.

The order proceeds, apparently, upon the theory that, because the papers filed as the letters of decedent were not in fact his letters, but were forgeries, therefore the plaintiff has not complied with the order. We do not think that the order can be sustained upon any such ground, for this would amount to deciding in a summary manner, upon testimony taken before a referee, one of the vital questions in the case, which the plaintiff is entitled to submit to a jury. It is true that section 808 of the Code of Civil Procedure provides that, where the court is informed by affidavit that a party has failed to comply with an order for discovery, it may in a proper case direct that his complaint be dismissed, and that a judgment be rendered accordingly. That, however, applies to an absolute and contumacious refusal, and not to a case where the party proceeded against makes discovery of the paper upon which he relies for the prosecution or defense of the action. In the present case the plaintiff relies upon two documents which as he alleges are genuine, original letters written by the decedent, and these documents he produces and files with the referee. By these particular documents he must stand or fall. He asserts their genuineness, and cannot hereafter be heard to assert that they are not the original, genuine letters upon which he relies. Whether they are genuine or not will be one of the questions to be determined upon the trial, and cannot be determined against him summarily upon the opinion of a referee.

Nor is it important to now determine whether or not they are the same documents shown to defendant's attorney, and then declared to be the genuine letters. This fact, if sustained upon the trial, will have an important bearing upon the genuineness of the letters produced and deposited with the referee; but that question is not now before us. The plaintiff complied with the order for a discovery by producing and filing the documents which he asserts to be the genuine letters upon which he relies. The object of the order has thus been attained. The defendant is apprised of what he has to meet and can have the examination of the papers which he desires and can prepare himself to dispute their genuineness on the trial.

It is objected that neither the judgment, nor the order upon which it rests, is appealable. We find no merit in the suggestion. Our attention is called to Jones v. Sabin, 122 App. Div. 666, 107 N. Y. Supp. 508, as an authority against the appealability of the judgment. In that case an order had been made directing a judgment to be entered dismissing the plaintiff's complaint for failing to comply with an order requiring him to give additional security upon an attachment. Section 3277, Code Civ. Proc. The appeal was only from the judgment, and it was held that it was not such a judgment as can be appealed from under section 1346 of the Code of Civil Procedure. In the present case the appeal is from both the order directing judgment and from the judgment itself. No other judgment can ever be entered in the case so long as this one stands, and hence, assuming that the judgment by itself and standing alone is not appealable, the order pursuant to

which it is entered is appealable under subdivision 5 of section 1347 of the Code of Civil Procedure because it is one which "in effect determines the action and prevents a judgment from which an appeal might be taken."

As a reversal of the order disposes of the sole authority for the judgment, it necessarily implies a reversal of the judgment.

The order appealed from in so far as it directs a judgment of dismissal, and the judgment entered thereon, must therefore be reversed, with costs to the appellant. All concur.