·evidence from which Folsom might readily have inferred, as was the fact, that the attorney to whom he paid the mortgage debt had acted as the agent of the lender in negotiating the purchase of the mortgage.

[4] There is, however, another quite sufficient reason why the Title Company cannot successfully invoke the "scrivener's rule" to· defeat plaintiff's claim, and that is the reason relied upon by the learned justice at Special Term. As he well says, the "scrivener's rule" has never been applied to justify a payment to a supposed agent of the creditor, except according to the strict letter of the obligation. As was said in Smith v. Kidd, 68 N. Y. 130, 23 Am. Rep. 157:

"No authority to change the terms of the contract can be implied from the fact that it was originally made through the attorney, and there is no evidence in the case of any such authority. Even though an agent had authority to receive payment of an obligation, it does not authorize him to receive payment before it is due."

Much less does it authorize him to receive payment, as payment in full, of less than is due.

Crane v. Gruenewald, supra, is not to the contrary. In that case, it is true, the debtor was held to have been justified in 'paying installments of the amount due; but these payments were made as installments, pursuant to an agreement to reduce the mortgage, and were not made, as in the present case, as full payment and satisfaction of the debt. Here the utmost that the Title Company undertook to pay in satisfaction of plaintiff's $40,000 mortgage was $26,889.64. The balance of the money it loaned went to the satisfaction of prior liens, to which, by the decree appealed from, it is to be subrogated. It had ample notice, both from the bond and mortgage themselves, as well as from the covenant contained in Hayman's assignment to plaintiff, that the full sum of $40,000 was due. It took the risk of relying upon Hayman's word that the debt really amounted to much less.

The counsel for the appellant Title Company has pressed upon us with much· force and ingenuity a number of arguments why the judgment appealed from should be reversed or modified. That they are not all discussed in this opinion is not to be taken as an indication that they have not been considered with care. They have been, but notwithstanding we remain convinced that the judgment is right.

Judgment affirmed, with costs. All concur.

---

GLENS FALLS INS. CO. v. EXTENSION DEVELOPMENT CO. et al.

POUGHKEEPSIE SAVINGS BANK v. SAME.

(Supreme Court, Appellate Division, Second Department.   December 13, 1912.)

1. PLEADING (§ 238*)—MOTIONS—AMENDMENTS.

An order refusing to allow amendments to pleadings "permitting plaintiff to set up another cause of action against the defendants," but allow-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing other amendments, is not a denial of a motion to make the defendants parties as trustees.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 602, 620–625; Dec. Dig. § 238.*]

2. APPEAL AND ERROR (§ 127*)—DEFAULT.

A defendant, who did not answer an amended complaint or appear, cannot appeal, under Code Civ. Proc. § 1294, providing that no appeal can be taken from an order or judgment made upon default.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–889, 891; Dec. Dig. § 127.*]

3. APPEAL AND ERROR (§ 1*)—RIGHT—STATUTES.

The right to appeal is purely statutory, and can only be taken from such judgments as are designated, expressly' or impliedly, by the statute authorizing the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1–4; Dec. Dig. § 1.*]

4. APPEAL AND ERROR (§ 113*)—DEFAULT JUDGMENT—MOTION TO SET ASIDE.

There can be no appeal from an order refusing to set aside a default judgment, since, so long as the judgment by default stands, there is no remedy by appeal to this court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 758–785; Dec. Dig. § 113.*]

Appeal from Kings County Court.

Separate actions by the Glens Falls Insurance Company and the Poughkeepsie Savings Bank against the Extension Development Company and others. Judgment in each case for plaintiff, and defendants Albro J. Newton, Charles E. Robertson, Audley Clarke, and Edwin M. Houghtaling appeal. Dismissed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

George E. Brower, of Brooklyn, for appellants.
Hugo Hirsh, of Brooklyn, for plaintiffs.

WOODWARD, J. There are eight actions for the foreclosure of as many different mortgages, all of which were made and delivered at the same time to the United States Title Guaranty & Indemnity Company and by the latter assigned to the plaintiffs in these actions, each holding four of the mortgages. The appealing defendants did not answer, and on the 21st day of October, 1911, the plaintiffs moved to amend their complaint by making some minor changes in the allegations of fact, and asking for leave to amend by adding an allegation that the plaintiff postponed bringing an action to foreclose said mortgage, relying upon the agreement of the defendants Audley Clarke, William L. Newton, Charles E. Robertson, and Edwin M. Houghtaling, trustees, that the rents would be applied toward the payment of taxes on the property and interest on the mortgage held by the plaintiff, and by changing the prayer for relief, to compel the defendants to turn over these rents toward the discharge of any deficiency which might result from the sale of the premises.

[1] The appellants appeared on the return of this motion and opposed it, at the same time denying the allegations of the proposed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amendments. As a result of this motion an order was entered in the following language:

"The defendants acquiesce in the amendments, save and except to the amendments to the pleading permitting plaintiff to set up another cause of action against the defendants Albro J. Newton, Charles E. Robertson, Audley Clarke, and Edwin M. Houghtaling. Permission to amend in this regard is refused, and the other amendments allowed, under consent of counsel."

The language of this order is not a denial of the plaintiff's motion to make the above-mentioned persons, as trustees, parties to the action. It simply denies the plaintiff the right to "set up another cause of action against the defendants" named as individuals, and permits the other amendments, and the amendments requested by the plaintiff in part involved an amendment alleging the delaying in bringing the action in foreclosure upon the promise of these defendants, as trustees, to do certain things, and their refusal to perform. The order, at least, is ambiguous. It does not point out clearly in what respect the plaintiff is to be permitted to amend the complaint. Subsequently on motion of the plaintiffs, notice being given to the attorney of the defendants, an order was entered resettling the original order, in which it was:

"Ordered, that the plaintiff herein have leave to amend the summons, complaint, and notice of pendency of action and other papers herein."

The defendants did not appear upon the motion for the resettlement of the order, and subsequently received and retained the amended papers in the action, without making any suggestion that there was a defense of any kind to the cause of action thus set forth. In other words, the defendants now before this court, though having notice of the proposed resettlement of the order, did not appear, and they subsequently received the amended complaint, and failed to put in an answer within the time limited, and the case proceeded to judgment by default in so far as they are concerned.

[2, 3] With the record in this condition, it is obvious that the defendants could not appeal from the judgment, nor yet from the order resettling the original order; for as a general rule the right to appeal is purely statutory, and can be taken only from such judgments as are designated, expressly or impliedly, by the statute authorizing the appeal, and it must be taken within the time and by the mode prescribed (Garczynski v. Russell, 75 Hun, 512, 515, 27 N. Y. Supp. 461), and section 1294 of the Code of Civil Procedure provides that:

"A party aggrieved may appeal, in a case prescribed in this chapter, except where the judgment or order, of which he complains, was rendered or made upon his default."

See Stern v. Marcuse, 128 App. Div. 169, 170, 112 N. Y. Supp. 653, 654.

[4] Not being permitted to appeal from the order as finally made, or from the judgment, by reason of the default in appearing and pleading, are the defendants in a better position upon an application to set aside the judgment, or for a modification of the same? May

they be permitted to accomplish by indirection what they would not be permitted to do directly, by means of an appeal from an order denying a motion to set aside a judgment which has been entered by default as against them? We think not. The judgment having been entered by consent of the defendants—for so the record shows them —they are not deemed in law to have sustained an injury (Stern· v. Marcuse, supra); and if. they are not aggrieved by the judgment, then they are not aggrieved by an order denying a motion to set it aside or to modify it, and it is only a party aggrieved who may appeal. There is opportunity under sections 724 and 783 to open the default in pleading upon proper papers; but, so long as the judgment stands by default, there is no remedy by appeal to this court.

The appeal should be dismissed, with $10 costs and disbursements. All concur.