ERLANGER v. ERLANGER.

(Supreme Court, Appellate Term, First Department.   June 26, 1916.)

1. COURTS ⬅190(2)—MUNICIPAL COURTS—MATTERS APPEALABLE—DEFAULT JUDGMENT.
   Under Municipal Court Code (Laws 1915, c. 279) § 154, enumerating judgments of the Municipal Court which may be appealed, a default judgment is not appealable.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬅190(2).]

2. COURTS ⬅190(2)—MUNICIPAL COURTS—MATTERS APPEALABLE.
   An order denying motion to set aside service of summons is appealable only by appeal from a judgment enumerated in Municipal Court Code, § 154; and if the service resulted in default judgment, the ruling on the motion is not appealable.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬅190(2).]

3. COURTS ⬅189(15)—MUNICIPAL COURTS—OPENING DEFAULT—CONDITIONS.
   It is within the discretionary power of the Municipal Court to impose as conditions for opening default that the amount thereof, or an undertaking as security for any judgment rendered, be deposited or filed.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⬅189(15).]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. COURTS ⚮189(15)—MUNICIPAL COURTS—OPENING DEFAULT—CONDITIONS.

Where defendant's affidavits and conduct show attempt to evade and delay a default judgment, it is not an abuse of the Municipal Court's discretion to require him, as condition to opening default, to deposit amount of judgment, or security for any judgment recovered.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⚮189(15).]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Harriet E. Erlanger against Arthur G. Erlanger. From a default judgment, and an order denying motion to set aside service of summons, and an order as to motion to open the default, defendant appeals. Appeal from judgment dismissed, appeal from first order dismissed, and order opening default on terms affirmed, with 10 days' leave to comply.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Bernhard Bloch, of New York City, for appellant.
David J. Gladstone, of New York City, for respondent.

PER CURIAM. The defendant appeals from a judgment entered against him by default; also from two orders, one denying a motion to set aside the service of the summons upon the ground that at the time of service the defendant, who is a nonresident of the county of New York, was voluntarily attending the Domestic Relations Court in this city, and was therefore exempt from service, and the other order denying a motion made to open his default.

[1, 2] The appeal from the judgment must be dismissed, as no appeal will lie from a default judgment. Section 154, Municipal Court Code. Likewise the appeal from the order denying the defendant's motion to set aside the service of the summons, as no appeal lies directly from such an order; it being reviewable only upon an appeal from a judgment from which an appeal may be taken. Section 154, Municipal Court Code; Jones v. Sabin, 122 App. Div. 666, 107 N. Y. Supp. 509.

[3, 4] The only question for present review is upon the appeal from the order denying defendant's motion to open his default. This motion was granted, upon condition that the defendant deposit with the clerk the amount of the judgment, or file an undertaking as security for any judgment the plaintiff might recover. Those conditions were within the power of the court to impose, and unless it clearly appears that the court abused its discretion the order should be sustained. The record has been carefully examined. The affidavits submitted on the part of the defendant, and which the court below had a right to credit, show a course of conduct on his part which evinces an evident attempt to not only unduly delay the trial, but put himself in a position that, if plaintiff obtained judgment, it would not be collected. Under such circumstances it cannot reasonably be urged that the court below

was unjustified in imposing the terms above mentioned. The order opening the default must therefore be affirmed.

Appeal from judgment dismissed.

Appeal from order denying motion to set aside the service of the summons dismissed.

Order opening default upon terms affirmed, with $10 costs, with leave to defendant to comply with such terms within 10 days after the entry of an order herein and payment of $10 costs of appeal.