■ CHARLES R. LYONS, an Infant, by His Guardian ad Litem CHARLES A. LYONS, et al., Respondents, v. FRANCES CROMER, Appellant.— In an action by an infant to recover damages for personal injuries and by his father for medical expenses and loss of services, the appeal is from an order denying a motion for leave to serve an amended answer. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ MARJEAN, INC., et al., Appellants, v. MAY AMMANN et al., Respondents.— In an action to recover rent (1st cause of action) and a balance due under an agreement of sale of personalty (2d cause of action), the appeal is from a judgment dismissing the complaint on the merits after trial before the court without a jury. Judgment reversed on the law and the facts, without costs, and judgment granted against defendant May Ammann, only, in favor of plaintiffs Christopher Metz and John J. Metz on the first cause of action for $250, and in favor of plaintiff Marjean, Inc., on the second cause of action for $500. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings made as indicated herein. The notice given pursuant to the " escape clause " in the contract did not terminate liability as to obligations already accrued, but only as to liabilities thereafter accruing. In our opinion, the proof sufficiently establishes an admission that defendant May Ammann owed plaintiffs Metz $250 for rent for the period from July 18, 1955 to October 1, 1955, and that she owed plaintiff Marjean, Inc., $500 (at $50 a week) for that same period pursuant to the lease and contract, respectively. Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ DUDLEY McCABE, Respondent, v. TOWN OF OYSTER BAY et al., Defendants and HARBOUR GREEN CIVIC ASSOCIATION, INC., et al., Intervenors-Appellants. GERALDINE M. FITZGERALD, Respondent, v. TOWN OF OYSTER BAY et al., Defendants and HARBOUR GREEN CIVIC ASSOCIATION, INC., et al., Intervenors-Appellants.— Each action is by a property owner to declare invalid amendments to a zoning ordinance rezoning his property from business to residence. The appeals are from orders denying motions by owners in proximity to the area for leave to intervene. Orders reversed, without costs, and motions granted on condition that appellants appear by but one attorney throughout the course of the action. In view of the consent by the Town of Oyster Bay the motion should have been granted. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ MEADOW BROOK NATIONAL BANK OF NASSAU COUNTY, Respondent, v. PUTNAM FUR FARM, INC., et al., Defendants, and SAMUEL B. BROUNER, Appellant.— In an action to foreclose a mortgage on real property, a holder of a chattel mortgage on certain " mink cages " on the premises who did not appear or answer, appeals from an order denying his motion to vacate and set aside (1) an ex parte order amending the judgment of foreclosure and sale, and (2) the amended judgment, or in the alternative to modify said ex parte order and said amended judgment by striking from the final paragraph of each, the words " mink cages ". Appeal dismissed, without costs, and without prejudice to such further proceedings as appellant may be advised to take (Civ. Prac. Act, § 557, subd. 1; Glens Falls Ins. Co. v. Extension Development Co., 154 App. Div. 305, 307–308). Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.