(34 Misc. Rep. 54.)

### BAKER v. CARRINGTON et al.

(Supreme Court, Special Term, Kings County. February 1, 1901.)

1. EJECTMENT—COMPLAINT—ALLEGATION OF TITLE.
>   A complaint in ejectment alleging that plaintiff is the owner of the fee is a sufficient allegation of title, without setting out the source and chain of title.

2. SAME—DESCRIPTION OF PROPERTY.
>   A complaint in ejectment sufficiently describes the land by its lot and block number on the official assessment map of the city.

Action by Emma Baker against George R. Carrington and others. Motion to make complaint more definite and certain. Denied.

Warland & Warland, for the motion.

Adolph Kiendl, opposed.

GAYNOR, J. The complaint alleges in just so many words that the plaintiff is the owner in fee and entitled to the possession of the real estate described, and that the defendants are unlawfully in possession thereof and withhold the same from the plaintiff, and prays for judgment. This is the time-honored and classic form. The defendants move that it be made more definite and certain, i. e., that the source and chain of title be given. I cannot bring myself to declare insufficient a form of complaint which has existed and been used by the educated bar from the beginning. The case of Lawrence v. Wright, 2 Duer, 673, is cited for the motion, but I do not think I ought to regard it. The decision there was made in 1853, i. e., soon after our first Civil Procedure Code went into effect, and when it was not altogether understood, and was by some in the contentions of the hour thought to make a greater change in pleading than it actually did. Besides the present complaint is not quite the same.

The property is described in the complaint only by its lot and block number on the official assessment map of the city, and the motion is to make such description more definite. It is definite enough; it could not be more so. And if it were as is claimed too indefinite to locate the land, one would think the defendants would be glad to leave it so, for in that case the sheriff could never eject the defendants and put the plaintiff in possession.

The motion is denied with $10 costs.