(39 Misc. Rep. 669.)

## ELY v. AZOY et al.

(Supreme Court, Special Term, New York County. January, 1903.)

1. EJECTMENT—COMPLAINT—DEMURRER.
    Where plaintiff in ejectment sets out in his complaint in detail the
    facts on which his title rests, the defendant may demur, the subse-
    quent allegation of ownership being merely an unwarranted conclusion
    of law.

2. MUNICIPAL CORPORATIONS—NEW YORK CONSOLIDATION ACT.
    The consolidation act (Laws 1882, c. 410) was a compilation of exist-
    ing acts relating to the city of New York, and did not arrest proceed-
    ings then pending under such former laws to sell property in the city
    of New York for nonpayment of taxes nor take from the comptroller
    of the city power to proceed with such sale.

3. TAX SALE—NOTICE—PUBLICATION.
    Where a sale for taxes in New York was first advertised on March
    5, 1883, and was made on May 8, 1883, it was invalid, where notice of
    the advertisement of the sale was not published, as required by Laws
    1882, c. 410, § 66, in the City Record, or in a specially authorized news-
    paper, or in the official journal established by Laws 1871, c. 574, § 1.

Action in ejectment by Ambrose K. Ely against Anastasio C. M.
Azoy and others. Demurrer to complaint. Sustained.

Smith & Simpson, for plaintiff.

Zabriskie, Burrill & Murray, for defendants.

SCOTT, J. This is an action in ejectment, wherein the plaintiff,
claiming under a tax sale, seeks to recover possession of the premises
described in the complaint. The plaintiff has elected to so frame his
complaint as to set out in detail the facts upon which his claim of title
rests. Where this method of pleading is adopted it is open to the de-
fendants to test the claim by demurrer, for, unless the facts alleged sup-
port the claim, a subsequent allegation of ownership or title is merely
an unwarranted conclusion of law. Masterson v. Townshend, 123
N. Y. 458, 25 N. E. 928, 10 L. R. A. 816. The sale under which
plaintiff claims was for the unpaid taxes and water rents of the years
1877, 1878, and 1879, and the proceedings leading up to the sale were
conducted under the provisions of chapter 381, Laws 1871. The sale
itself was first advertised for March 5, 1883, and, after adjournment,
was held on May 8, 1883, so that the sale itself and the proceedings
subsequent thereto took place after the passage of the consolidation
act of 1882. The demurrant raises many objections to the sufficiency
of the proceedings. The principal one is that the comptroller had
become, by the passage of the consolidation act, bereft of power to
make any sale at all. Section 3, c. 381, Laws 1871, under which pro-
ceedings looking to a sale were begun, provides that if, notwithstand-
ing the notice of sale, the owner or owners shall neglect or refuse to
pay the taxes, with interest and charges, then it shall be lawful for
the clerk of arrears, under the direction of the comptroller, to cause
the lands and premises to be sold, and such sale shall be made on the
day and at the place for that purpose mentioned in the advertised no-
tice; such day being in the present instance March 5, 1883. It is evi-

dent that the clerk of arrears or the comptroller had no power to make the sale until the day specified in the notice had arrived, so that, at the date the consolidation act went into effect, the power to make a sale was still incomplete or inchoate. The consolidation act contained a complete scheme for the sale of lands for unpaid taxes and water rates (sections 926–954), and it is claimed that it repealed all prior enactments providing for and regulating such sales. Heckmann v. Pinkney, 81 N. Y. 211; Matter of Inst. for Deaf and Dumb, 121 N. Y. 234, 24 N. E. 378. The consolidation act, however, although a new law, was intended to be a compilation and codification of a great number of acts relating to the city of New York, and undoubtedly operated to repeal absolutely all inconsistent provisions of the former laws, and all provisions of former laws omitted in the consolidated statute. But as to provisions re-enacted in the consolidation act in the same words which were used in the former act, or in different but equivalent words, the law must be regarded as continuous, and the new act, as to such parts, will not operate as a repeal of the former acts, so as to defeat a public remedy, or to put an end to proceedings properly begun. Matter of Prime, 136 N. Y. 347, 32 N. E. 1091, 18 L. R. A. 713. A comparison of the consolidation act with the earlier statutes relating to the sale af lands for unpaid taxes and water rates shows that the former statutes were re-enacted practically, if not exactly, in the identical language. The act did not, therefore, operate to arrest the proceedings to sell the property in suit, nor to deprive the comptroller of the power to proceed to carry out the sale.

The complaint fails, however, in at least one particular, to show that the proceedings were regularly conducted. The allegation as to the publication of the notice of sale is that it was advertised "once in each week successively for three months in ten of the daily newspapers printed and published in the city of New York." This complies with the requirements of section 3 of chapter 381, Laws 1871. Soon after the passage of this act, however, the Legislature passed chapter 574, Laws 1871, amending the charter of 1870. By this act there was established an official journal in which was required to be advertised "every notice of advertisement, corporation or legal, which may be required by law or ordinance to be published in one or more papers in the city or county. If such notice or advertisement is required to be published in only one newspaper, then such publication shall be in such paper, but if such notice or advertisement is required to be published in more than one paper, then one of such requisite papers shall be the paper so designated in the official journal." There can be no doubt that the notice of a sale for unpaid taxes fell within the description of notices required to be advertised in the official journal. Unless the publication was in fact made in that journal, it would be a nullity, and could furnish no legal basis for a sale. The complaint does not show that it was so published, and therefore does not show that the proceedings ever had a legal inception. Section 941 of the consolidation act required the clerk of arrears to publish an advertisement at least twice in each week for six successive weeks in one of the daily newspapers printed and published in the city that, unless the

lands and tenements sold be redeemed by a certain day, they will be conveyed to the purchaser. Section 66 of the same act, providing for the publication of the official journal known as the City Record, requires that all public advertising shall be done in that paper, except that an advertisement required by law may be published elsewhere if such publication is authorized by the concurrent vote of the mayor, corporation counsel, and commissioner of public works. Under this section the advertisement by the clerk of arrears should have been inserted either in the City Record or in a newspaper specially authorized. The complaint does not show that it was published in either way. It merely alleges that it was published in a daily newspaper printed and published in the city of New York. It should allege either that it was published in the City Record or in a specially authorized newspaper.

Other alleged defects in the allegations respecting the proceedings are insisted upon, which it is not necessary to consider now. Some of them, if defects at all, can be more appropriately reached by a motion for a bill of particulars than by a demurrer. Since, however, the demurrer must be sustained for the reason already noted, the plaintiff will be able by an amended complaint to meet, if the facts permit, the other reasonable objections to his present pleading. Demurrer sustained, with costs, with leave to plaintiff to amend within 20 days on payment of costs.

Demurrer sustained, with costs, with leave to plaintiff to amend within 20 days on payment of costs.