SEARLE v. HALSTEAD & CO.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

PLEADING (§ 345*)—MOTIONS—JUDGMENT ON PLEADINGS.

A complaint alleged that prior to May 5, 1903, plaintiff was engaged in the sale of lard, and had originated and applied the name of "Verifine" to various brands of lard products, and the use of that brand was part of a consideration for an alleged written contract between the parties, dated on the above date, by which defendants engaged plaintiff to sell lard under the following conditions: Defendants were to furnish the brand "Verifine" for compound lard, for pure lard for shortening, to be sold to the consuming trade and to jobbers to whom they did not then sell, and they were to be at liberty to furnish this brand to jobbers to whom they were then selling if they called for it, such sales to be subject to a commission of one-eighth of one cent per pound for plaintiff, the agreement to be binding for at least three years. It alleged that defendants had since the date of the contract sold large quantities branded with the name "Verifine" to jobbers to whom they were then selling, and who called for that brand, for which they had never accounted, and on which they had paid no commission; that they had also sold large quantities to many customers; that on each sale plaintiff was entitled by the contract to a commission of one-eighth of one cent per pound, amounting to $30,000; that the contract was terminated on or about December 15, 1907; that subsequently plaintiff demanded of defendants his commissions or brokerage on the sale of lard branded "Verifine," but defendants failed and neglected to pay him, etc. *Held*, that the complaint specifically alleged sales and commissions due during the life of the contract, and limited recovery thereto, and it was error to grant a motion for judgment on the pleadings under Code Civ. Proc. § 547, amended by Laws 1908, p. 462, c. 166, on the ground that the complaint did not state facts constituting a cause of action, in that for aught that appeared the sales may have been made after the right to commissions expired.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 345.*]

Appeal from Special Term, New York County.

Action by Clifford N. Searle against Halstead & Co. From an order granting a motion for judgment on the pleadings, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Philip B. Adams, for appellant.

Baldwin, Wadhams, Bacon & Fisher (William D. Wadhams, of counsel, and Frederick S. Fisher, on the brief), for respondent.

CLARKE, J. The defendant moved at Special Term for judgment on the pleadings under section 547 of the Code of Civil Procedure, amended by Laws 1908, p. 462, c. 166. The complaint alleges that prior to May 5, 1903, the plaintiff had been engaged in the sale of various brands of lard for many years, and had originated and created the name of "Verifine," to be applied to various lard products, and that part of the consideration for the contract set up in the complaint was the use by the defendant of that brand. Said contract was in writing, dated May 5, 1903, between the plaintiff and the defendant. The defendant wrote:

"We hereby engage you to sell lard for us under the following conditions: We will furnish the brand 'Verifine' for compound lard, for pure lard for shortening, to be sold to the consuming trade and to jobbers to whom we do not now sell. We are to be at liberty to furnish this brand to jobbers to whom we are now selling, if they call for it; such sales to be subject to a commission of ⅛¢ per lb. for you."

Then follow provisions as to commissions upon sales to be made by the plaintiff, not here in issue, and the writing proceeded:

"This agreement to be binding for a term of at least three years."

The complaint alleges that the defendant has since the 5th day of May, 1903, sold millions of pounds of lard branded with the name "Verifine" to jobbers to whom they were then selling, and who called for said lard branded with the name "Verifine" for which they have never accounted to the plaintiff, and for which they have never paid the plaintiff any commission whatever, and that they have sold this lard so branded with the name "Verifine" to a great many customers (naming some of them), and that the sales to these various customers exceeded millions of pounds of lard branded with the aforesaid name of "Verifine," and that on each and every said sale the plaintiff in and by virtue of the terms of said contract was entitled to a commission of one-eighth of one cent per pound on each sale, and upon information and belief that said commission on said sales would amount to upward of $30,000; that the contract was terminated on or about the 15th day of December, 1907; that on or about the 15th day of January, 1908, the plaintiff demanded that the defendant account and pay to him his commissions or brokerage on the sale of lard branded "Verifine" and mentioned above, but that the defendant has failed and neglected to account to him for any of said commissions and that no part thereof has been paid; that, by reason of the foregoing facts, the defendant became indebted to the plaintiff in the sum of $30,000, for which he asked judgment. Reading the contract and the allegations of the complaint together, the plaintiff sues for commissions alleged to be due him in and by virtue of the terms of the contract for sales made between the 5th day of May, 1903, and the 15th day of December, 1907, when the contract terminated. The defendant answered, setting up a counterclaim and the plaintiff replied thereto, and thereafter defendant made this motion for judgment on the pleadings dismissing the complaint upon the ground that the same does not state facts sufficient to constitute a cause of action, which was granted; the memorandum of the Special Term stating:

"For aught that appears, the sales referred to in the complaint may have been made after the right to commissions had expired."

We do not agree with that view of the complaint, but think that it specifically alleges sales and commissions due thereon during the life of the contract, and the recovery sought is limited thereto.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.