### MITCHELL v. DUNMORE REALTY CO. et al.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

PLEADING (§ 236*)—AMENDMENT OF COMPLAINT—INABILITY TO STATE CAUSE OF ACTION.

> Where defects in a second amended complaint have been pointed out by the court, and the allegations essential to a cause of action indicated, and another amended complaint is served which is substantially the same as the one pronounced defective, it may fairly be inferred that facts which would enable plaintiff to state a cause of action do not exist, and it is an improper exercise of discretion to permit a further amendment on granting a motion for judgment on the pleadings.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. § 236.*]

Appeal from Special Term, New York County.

Action by Donald Mitchell against the Dunmore Realty Company, impleaded with John L. Murray and others. From an order permitting plaintiff to serve an amended complaint, defendant Dunmore Realty Company appeals. Reversed.

See, also, 60 Misc. Rep. 563, 112 N. Y. Supp. 659.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

W. B. Symmes, Jr., for appellant.
Walter H. Dodd, for respondent.

McLAUGHLIN, J. Action to foreclose a mechanic's lien upon certain real property in the city of New York owned by the Dunmore Realty Company and leased to the defendant Murray. The notice of

lien was filed in July, 1907. A demurrer was interposed to the original complaint by the Dunmore Realty Company, which was sustained with leave to amend. Thereafter an amended complaint was served, which was also demurred to by the realty company. The demurrer was overruled, and an appeal taken to this court, where the interlocutory judgment was reversed and the demurrer sustained (Mitchell v. Dunmore Realty Co., 126 App. Div. 829, 111 N. Y. Supp. 322) with leave to serve an amended complaint. The second amended complaint was then served, and the realty company, having interposed an answer thereto, moved under section 547 of the Code of Civil Procedure for judgment upon the pleadings. The motion was granted, and plaintiff given leave to serve an amended complaint on payment of $10 costs. The realty company appeals from so much of the order as gives the plaintiff this leave.

On the prior appeal to this court Mr. Justice SCOTT, who delivered the opinion, pointed out the defects in the amended complaint which was then under consideration, and indicated what facts would have to be stated in a complaint in order to set forth a cause of action. The suggestions made were not followed, but, instead, an amended complaint was served, which, in legal effect, was substantially the same as the one which this court had pronounced defective. From this it is fairly to be inferred that facts do not exist which will enable the plaintiff to draw a complaint which will state a cause of action; otherwise the suggestions of this court would have been followed, and the defects cured which existed in the complaint which was pronounced bad. Where a plaintiff has served three complaints, each of which the court has held did not state a cause of action, he should not be permitted to serve a fourth one, unless facts are set forth from which the court can see that the plaintiff has a cause of action and some explanation given why said facts have not theretofore been pleaded. Here, not a single fact was stated to the court, so far as appears from this record, indicating that the plaintiff had a cause of action, and therefore there was nothing to justify the court in exercising its discretion in allowing the plaintiff to serve a fourth complaint.

It follows that so much of the order as allows plaintiff to serve an amended complaint is reversed, with $10 costs and disbursements to the appellant.

INGRAHAM, CLARKE, and SCOTT, JJ., concur.

LAUGHLIN, J. (concurring). I concur in the result, but solely upon the ground that, where a motion is made for judgment on the pleadings, pursuant to the provisions of section 547 of the Code of Civil Procedure, and no counter motion is made by the party whose pleading is thus brought in question for leave to amend on sufficient papers, the court is not, I think, authorized to allow an amendment. The court in the interests of justice, where it appears on such motion probable that the facts, if fully and properly pleaded, would present

a meritorious case or defense, may doubtless postpone or stay the entry of judgment upon its decision for a reasonable time to enable the party to move at Special Term for leave to amend; but on such motion all requirements of our practice applicable to such an application in other cases should be complied with. That is not the course that was followed here. The court held that, on the pleadings as they stood, the defendant was entitled to judgment dismissing the complaint, and then without any application therefor, by counter motion or otherwise, granted leave to the plaintiff to amend. The court doubtless proceeded upon the theory that such motion should be treated as a demurrer. In this I am of opinion that the learned court erred. The Legislature intended, I think, to authorize such motion at Special Term, in advance of the trial, the same as if made upon the trial according to the prior practice. If a complaint in equity were dismissed at the opening of the trial, according to the prior practice there would be no authority on the part of the Special Term for the trial of issues of fact to grant an amendment materially changing the cause of action or adding a new one. Such leave could only be obtained at a Special Term for motions. If the motions were made at a trial term for trial of issues of fact, the court could not grant leave to amend, but might permit the withdrawal of a juror with a view to enabling a party to apply at Special Term for leave to amend.

In all such cases it would be necessary for the party to show a proper case under the rules and practice, which involves an explanation as to why the pleading was not originally drafted in its proposed amended form, to warrant the court in allowing the amendment at Special Term.