ROSS v. PIZER et al.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

LANDLORD AND TENANT (§ 169*) — AGREEMENT TO REPAIR — BREACH—ACTION— COMPLAINT.

   Plaintiff alleged that she was a tenant, occupant of the third floor, of defendants' building, which they negligently and carelessly maintained, in that they had failed to keep the ceiling in proper repair, as they had agreed; that, by reason of the premises, plaintiff continued to live in the apartment, and while so doing, and because of defendants' promises and representations, which they failed to keep, plaintiff continued to reside there, and by reason thereof was seriously injured by the fall of the ceiling on her. *Held*, that the complaint contained allegations appropriate for an action for breach of contract, an action for negligence, or an action for deceit, without stating a complete cause of action on either theory, and that a motion for judgment for defendant thereon should have been granted.

   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

Appeal from Special Term, New York County.

Action by Clara Ross against Leon Pizer and others, as executors of the estate of Jacob Pizer, deceased. From an order denying defendants' motion to dismiss the complaint, and for judgment in favor of defendants on the merits, on the ground that the complaint did not state facts sufficient to constitute a cause of action, defendants appeal. Order denying motion to dismiss reversed, and order denying application for judgment granted, on condition that plaintiff shall not amend within 10 days.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Max Schleimer, for appellants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARKE, J.  The complaint alleges that the defendants were the executors of the estate of Jacob Pizer and had control of a tenement house; that plaintiff was a tenant and occupant of an apartment on the third floor thereof; that the said building and premises were negligently and carelessly maintained by defendants, inasmuch as they have failed to keep the ceiling in proper repair, as said defendants had agreed; that by reason of said promises plaintiff continued to live in said premises, and while in such possession, and because of said promises and representations, which defendants failed to perform, and because of such false and fraudulent representations, plaintiff continued to reside in said apartment, and was by reason thereof seriously injured by reason of said falling ceiling, which did strike said plaintiff, and did cause considerable injury and damage in consequence thereof. Defendants moved for judgment upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and from the order denying said motion they appeal.

This complaint contains allegations appropriate to three causes of action—breach of contract, negligence, and deceit.  The facts alleged do not sufficiently set forth a complete cause of action upon any theory.  The motion for judgment should, therefore, have been granted.  As the plaintiff may be able to sufficiently allege a good cause of action, the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave, however, to the plaintiff to serve an amended complaint within 10 days after the service of the order to be entered hereon, upon payment of the costs of appeal and the costs of the action.  If such amended complaint be served and costs paid, the motion for judgment will be denied.

Entry of judgment is stayed for 10 days after service of this order. All concur.