## MITCHELL v. DUNMORE REALTY CO.

(Supreme Court, Appellate Division, First Department.   December 31, 1909.)

1. APPEAL AND ERROR (§ 129*)—DECISIONS REVIEWABLE—JUDGMENT ON PLEADINGS.

Code Civ. Proc. § 547, provides for judgment on the pleadings.   Section 1346 provides that an appeal may be taken from a final judgment in the Supreme Court when rendered upon a trial by the court.   *Held*, that an aggrieved party has the right to appeal either from the order made on a motion for judgment, under section 547, when the appeal is taken before the entry of judgment, or from the judgment under such order, or from both.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 893; Dec. Dig. § 129.*]

2. APPEAL AND ERROR (§ 870*)—REVIEW—SCOPE AND EXTENT.

Under Code Civ. Proc. § 1316, providing that an appeal from a final judgment brings up for review an interlocutory judgment, or an intermediate order, specified in the notice of appeal, and affecting the final judgment, an order for judgment on the pleadings is brought up for review on appeal from the judgment and notice of appeal that appellant intends to bring up such order for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3487; Dec. Dig. § 870.*]

3. MECHANICS' LIENS (§ 271*)—ENFORCEMENT—SUFFICIENCY OF COMPLAINT.

In an action to foreclose a mechanic's lien, the complaint alleged that the defendant company, the owner of the property, requested its tenant to make alterations upon the property, and that with the owner's consent and knowledge plaintiff entered into a written contract for improvements in a specified amount, and that at the request of the defendant company and the tenant plaintiff performed certain extra work, worth a sum stated, which sum has not been paid, and asks for a deficiency judgment against defendant company and the tenant.   *Held*, that the complaint states a cause of action against defendant company for the extra work, and a dismissal of the complaint was erroneous, irrespective of whether it was sufficient to establish a valid lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 494–513; Dec. Dig. § 271.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Donald Mitchell against the Dunmore Realty Company. From a judgment dismissing the complaint, plaintiff appeals.   Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Walter H. Dodd, for appellant.

W. B. Symmes, Jr., for respondent.

HOUGHTON, J.   After answer the defendant moved, under the provisions of section 547 of the Code of Civil Procedure, for judgment on the pleadings, and on the 19th day of February, 1909, an order was entered directing judgment dismissing the plaintiff's complaint, and also permitting plaintiff upon payment of costs to serve an amended complaint.   The plaintiff accepted the order with its

permission to amend, and did not appeal therefrom; but the defendant appealed to this court from that part of the order permitting the plaintiff to serve an amended complaint, and this court reversed the same. 132 App. Div. 180, 116 N. Y. Supp. 812. After such reversal of that part of the order appealed from, and on the 12th day of May, 1909, the defendant entered judgment dismissing plaintiff's complaint. Thereafter, and on the 11th of June, 1909, the plaintiff brought this appeal, and in his notice stated that he appealed from such final judgment, and that he also intended to bring up for review the order of February 19, 1909.

The respondent insists that the order of February 19th is not an intermediate order, within the meaning of section 1316 of the Code, which can be reviewed on an appeal from final judgment by stating in the notice that the appellant intends so to do; and, further, that a judgment entered in pursuance of an order made on motion under section 547 of the Code is not appealable to this court, but that the only right of the aggrieved party is to appeal from the order directing the entry of judgment.

If the judgment is not appealable, the plaintiff has lost his right because the notice of appeal cannot be construed as a direct appeal from the order, and, indeed, it is manifest that the time to appeal from the order had expired when notice was served.

We are of opinion that an aggrieved party has the right to appeal to this court either from the order made on a motion for judgment under section 547 of the Code when the appeal is taken before the entry of judgment, or from the judgment entered in pursuance of such order, or from both.

That the order is appealable there can be no question, for it comes within the express provisions of section 1347 of the Code, in which the right to appeal to this court is given where the order involves some part of the merits of an action or affects a substantial right, or, in effect, determines the action and prevents a judgment from which an appeal might be taken.

Section 1346 of the Code prescribes that an appeal may be taken to this court from a final judgment rendered in the Supreme Court where such judgment was rendered upon a trial by the court without a jury. Before the enactment of section 547 of the Code, where the defendant did not choose to demur to the plaintiff's complaint, or the plaintiff elect to demur to the defendant's answer, the parties were compelled to wait until the cause was reached for trial, and then either party had the right to move for judgment upon the pleadings, and of course, the judgment thus rendered was appealable to this court because it was rendered upon the trial of the action. The manifest purpose of the enactment of section 547 was to enable the parties to avoid the long delay incident to waiting until the action was reached upon the calendar, and to permit them, after issue was joined, to move for judgment at Special Term upon the same grounds and governed by the same rules as though the motion had been made at trial. Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890. The effect of this provision was that a trial of an action on the

pleadings might be had before the court at any Special Term. If the pleadings are of such character that either party is entitled to a judgment, the court so orders, and the judgment which follows is the result of a trial by the court, and is therefore appealable to this court under the express provisions of section 1346. The order for judgment necessarily affects the final judgment entered, and therefore may be included in the appeal from the judgment under the permission granted by section 1316 of the Code. While undoubtedly the better practice is to appeal from the order, and thus avoid the complications incident to the entry of a judgment before it shall be finally determined whether such judgment is proper, still we are of the opinion that if judgment be entered the aggrieved party should appeal from such judgment and bring up for review the order by specifying the same in his notice and stating his intention so to do.

The plaintiff's appeal being effectual, it remains to be determined whether or not his complaint was properly dismissed.

The action is brought to foreclose a mechanic's lien upon property owned by this defendant. One Murray held a long-term lease, and the complaint alleges that the defendant owner requested the tenant, Murray, to make alterations and improvements upon the real property, and that, with the owner's consent and knowledge, the plaintiff entered into a written contract with Murray to make improvements to the extent of $84,500 upon the property, and that:

"At the special instance and request of the defendants the Dunmore Realty Company and John L. Murray, plaintiff performed certain extra work and furnished certain extra materials in addition to the work and materials required by said written contract to be performed and furnished, and that said extra work and materials were reasonably worth the total sum of $11,649.96, which sum has not been paid."

The defendant challenges the sufficiency of plaintiff's notice of lien. Whether the notice of lien be sufficient or not, the complaint states a cause of action against the defendant the Dunmore Realty Company for the extra work amounting to $11,000, for it alleges that at its special instance and request, as well as that of Murray, such work was performed and materials furnished, and the complaint asks for a deficiency judgment against this defendant as well as Murray. Under such a pleading, even if the plaintiff should fail for any reason to establish a valid lien, he would be entitled to a personal judgment upon making proper proof. Code Civ. Proc. § 3412; Ryan v. Train, 95 App. Div. 73, 88 N. Y. Supp. 441; Gilmour v. Colcord, 96 App. Div. 358, 89 N. Y. Supp. 689. Even though, therefore, the plaintiff's notice of lien may be bad, and he may be unable to recover anything against the Dunmore Realty Company as owner because of its knowledge of the improvements which its tenant, Murray, through written contract with plaintiff, was putting upon its property, the complaint states a good cause of action with respect to the extra work done, because it alleges that it was ordered to be done by the owner as well as the tenant.

It therefore follows that the dismissal of the complaint was erroneous, and the judgment is reversed, and order also reversed, with $10

costs and disbursements, and the motion for judgment on the pleadings denied, with $10 costs.

INGRAHAM, McLAUGHLIN, and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). It must be borne in mind that the right to appeal is statutory. Garozynski v. Russell, 75 Hun, 512, 27 N. Y. Supp. 461. I am unable to find in the Code of Civil Procedure any provision authorizing an appeal from this judgment. The judgment was duly entered pursuant to an order made in accordance with the provisions of section 547 of the Code of Civil Procedure, which authorizes an application for judgment on the pleadings, not on the trial of issues of law or of issues of fact, but by motion at Special Term, and the hearing is not a trial either of issues of law or of fact within the contemplation of the provisions of the Code of Civil Procedure, and requires no decision containing findings of fact and conclusions of law as a basis for the judgment, but merely an order which is itself appealable, and until reversed on appeal is authority for the judgment, and therefore the propriety of the order must, I think, be reviewed on a direct appeal, and cannot be reviewed as an intermediate order on an appeal from the judgment. Code Civ. Proc. §§ 547, 1316, 1346, 1347, subd. 5; James v. Shea, 28 Hun, 74; Jones v. Sabin, 122 App. Div. 666, 107 N. Y. Supp. 508; Banes v. Rainey, 130 App. Div. 465, 114 N. Y. Supp. 986.

The provisions of the Code of Civil Procedure will not admit of a different construction upon the theory that it is necessary to protect the rights of a party situate as was the appellant. The original order at Special Term, to be sure, was satisfactory to him. It was made on an application of the defendant realty company for judgment on the pleadings, pursuant to the provisions of section 547 of the Code of Civil Procedure. The court granted the judgment, but gave leave to the plaintiff to serve an amended complaint. The defendant company then appealed from so much of the order as gave plaintiff leave to serve the amended pleading, and that part of the order was reversed, which left the order as one for judgment absolute, dismissing the complaint. The time of the defendant to appeal from the order of the Special Term, I presume, expired before the entry of the order of this court modifying it; but, for the purpose of authorizing an appeal by the plaintiff, that order should be deemed entered as of the time of the entry and service of notice of entry of the modification of the order by this court, and therefore, when the order by this modification became such that it injuriously affected the rights of the plaintiff by determining the action and preventing the entry of a judgment from which an appeal would lie, he was at liberty to appeal from it. Code Civ. Proc. § 1347, subd. 6.

But if this be not so, and the order as modified by the order of this court finally determined the rights of the parties, then the plaintiff was authorized to appeal to the Court of Appeals from the order of the Appellate Division modifying that of the Special Term. Code Civ. Proc., § 190, subd. 1. If the hearing on the application for judgment on the pleadings were to be regarded as a trial of an issue of

law, then I think there would be no escape from the conclusion that it would be necessary to regard the order as in effect a decision, and in that view no appeal would lie from the order, upon the same principle upon which it has been repeatedly declared that no appeal lies from a decision, whether made upon the trial, as in directing a nonsuit, or formally, in writing, and directing a judgment. Cambridge Val. Bank v. Lynch, 76 N. Y. 514; Spies v. Munroe, 35 App. Div. 527, 54 N. Y. Supp. 916; Robinson v. Chinese Ass'n, 42 App. Div. 65, 58 N. Y. Supp. 885; Brauer v. O. S. Nav. Co., 77 App. Div. 407, 79 N. Y. Supp. 299; Smith v. Thompson, 118 App. Div. 6, 103 N. Y. Supp. 336; Withers v. State of N. Y., 61 App. Div. 251, 70 N. Y. Supp. 451. Such orders are, however, appealable, and this court has frequently entertained such appeals. Searle v. Halstead, 130 App. Div. 693, 115 N. Y. Supp. 405; Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890; Levy v. Roosevelt, 131 App. Div. 8, 115 N. Y. Supp. 475; Jones v. Gould, 130 App. Div. 451, 114 N. Y. Supp. 956.

If the hearing on such a motion is to be deemed a trial, then surely it must be a trial of an issue of law, for an issue of fact could not be determined without evidence, and yet the Legislature has not altered the provisions of section 964 of the Code, which declare that an issue of law only arises on a demurrer. Moreover, if the hearing be regarded as a trial, then it would be necessary to file an exception to the order in order to present a question for review on the appeal from the judgment. Code, §§ 992, 994, 995; Frederick v. City of Johnstown, 47 App. Div. 221, 62 N. Y. Supp. 66. What I wrote on the former appeal herein (132 App. Div. 180, 116 N. Y. Supp. 812) in attempting to show that the court at Special Term, on a motion for judgment on the pleadings under section 547 of the Code of Civil Procedure, is without authority to allow an amendment of the pleading, was not intended as an expression of opinion that for the purpose of review on appeal the motion is to be deemed as if made on a trial.

I am therefore of opinion that the appeal should be dismissed.