THEILING v. MARSHALL.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

1. EJECTMENT (§ 63*)—COMPLAINT.

Testator died seised of certain real estate, leaving a will, which was probated with defendant's consent, by which he empowered his sole executrix to sell all his property and pay to defendant a certain portion of the same. The executrix, under such authority, conveyed the premises to plaintiff, after which plaintiff demanded possession, which defendant an heir at law refused to surrender. Held, that a complaint stating such facts, and demanding possession, though informal, stated a cause of action in ejectment, under Code Civ. Proc. § 481, providing that it shall contain a plain statement of the facts and a demand for judgment to which plaintiff supposes himself entitled.

[Ed. Note.—For other cases, see Ejectment, Dec. Dig. § 63.*]

2. PLEADING (§ 222*)—DEMURRER—ANSWER.

Where defendant's demurrer to the complaint for want of facts was properly overruled, he was not entitled to answer, except on terms, though he had a meritorious defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 573; Dec. Dig. § 222.*]

Appeal from Special Term, Kings County.

Action by Joseph H. Theiling against Frank Marshall. From an order denying plaintiff's motion for judgment on the pleadings, after the overruling of a demurrer to the complaint, plaintiff appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

Lynn C. Norris, for appellant.

John J. A. Rogers, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. The complaint in this action alleges that one Richard Marshall was at and before his death seised in fee and in possession of the premises described in the complaint; that being so seised, he died on the 13th day of April, 1909, leaving a last will and testament, dated on said day, which said last will and testament is set forth in the complaint as an exhibit; that the defendant, Frank Marshall, is the Frank Marshall referred to in said last will and testament, and is a son of said testator; that on or about April 16th the said Frank Marshall signed and acknowledged an instrument in writing, in which he waived the issuance and service of a citation and consented to the admission of the said last will and testament to probate; that said last will and testament was thereupon duly probated as a will of real and personal estate, and that letters testamentary were thereupon duly issued out of the Surrogate's Court of Kings county to Florence Edwards; that on or about January 5, 1910, the said Florence Edwards, as sole executrix of the said last will and testament, executed a deed to plaintiff; that said deed was duly recorded in the office of the register of Kings county; that the defendant is in possession of said premises, or a part thereof, and refuses to give up the possession thereof to plaintiff; that, on information and belief, more than 30 days prior to the commencement of this action a written notice was served on said defendant, on behalf of said plaintiff, requiring him to remove from said premises; that, on information and belief, the defendant claims a right to the said premises as an heir of said Richard Marshall; that before the commencement of this action plaintiff has demanded possession of said premises from said defendant.

The last will and testament, which it is alleged was duly probated with the consent of the defendant, provides that all of the property of the testator "both real and personal that I may be possessed of at the time of my decease," shall be sold, and the proceeds thereof disposed of in the manner therein directed, the defendant Frank Marshall being one of the beneficiaries of the fund thus created, and it makes Florence Edwards, the testator's daughter, the sole executrix of the will, without bonds. The deed, which is made a part of the complaint, conveys the premises in dispute to the plaintiff; such deed being executed by Florence Edwards as sole executrix. It thus appears, so far as we are able to discover, that the facts stated in the complaint show that the plaintiff is entitled to the possession of the premises mentioned, and that the defendant is in possession of the same, and neglects or refuses to deliver possession, although the same has been demanded by the plaintiff.

The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the plaintiff thereupon moved the court for judgment upon the pleadings, under the provisions of section 547 of the Code of Civil Procedure. The denial of this motion gives rise to an appeal from the order entered, and the practical question presented is whether the complaint states facts sufficient to constitute a cause of action. If it does, then we are of the opinion that the motion was properly made, and that the plaintiff should have been given judgment upon the pleadings, or the

defendant should have been given permission, under proper conditions, to answer.

If we have correctly understood the complaint, it sets forth the fact that Richard Marshall was at the time of his death seised of the fee of the premises in dispute, and was in possession of the same; that he made a last will and testament, which was duly admitted to probate with the consent of the defendant, and that this last will and testament empowered Florence Edwards, the sole executrix under the will, to sell all of the real estate and personal property, and to pay over to the defendant a certain portion of the same; that the said sole executrix, acting under this authority, sold and conveyed the premises involved in this action to the plaintiff, and all the steps appear to have been taken to vest the absolute title in him; and the defendant, being in possession, refuses to surrender the said premises to the plaintiff, although demand therefor has been duly made. It is true that the complaint does not follow the exact form of a common-law action of ejectment; that it does not conform exactly to what a distinguished jurist has laid down as constituting a scientific pleading in a case of this character; but, as we understand the Code of Civil Procedure, there may be some diversity in the form of pleading, provided the substance is there.

Section 481 of the Code of Civil Procedure provides that the complaint, aside from the formal matters, must contain "a plain and concise statement of the facts constituting each cause of action without unnecessary repetition," and a demand for the judgment to which the plaintiff supposes himself entitled. Under this provision of the Code of Civil Procedure, it has been held that, upon a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, it cannot be sustained, unless it appears, admitting all the facts alleged, that no cause of action whatever is stated. The demurrer cannot be sustained simply by showing that facts are imperfectly or informally averred, or that the pleading lacks definiteness or precision, or that material facts are only argumentatively averred. The pleading may be deficient in technical language or in logical statement; but, as against a demurrer or a motion of this character at the trial, the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment. Kain v. Larkin, 141 N. Y. 144, 150, 151, 36 N. E. 9, and authorities there cited. Under this liberal rule, the complaint in this action clearly sets forth a legal wrong and demands a practical and legal remedy, and it does state facts necessary for this purpose.

Whether there are any facts which the defendant might present in an answer, to show that the plaintiff is not entitled to this relief, we are not advised; but upon the pleadings as they stand we are of the opinion that the plaintiff is entitled to the relief demanded in the motion. It may be proper to permit the defendant to answer, upon an application made for that purpose, showing that there is a meritorious defense; but this should only be on terms.

The order appealed from should be reversed, and the motion for judgment on the pleadings should be granted, unless the defendant

seasonably applies for and obtains leave to make answer upon the merits.

Order reversed, with $10 costs and disbursements, and motion for judgment on the pleadings granted, with costs, unless the defendant within 20 days applies for and obtains leave to make answer upon the merits. All concur.