(74 Misc. Rep. 204.)

FRAMINGHAM TRUST CO. v. VILLARD.

(Supreme Court, Special Term, New York County. November, 1911.)

PLEADING (§ 350*)—JUDGMENT ON PLEADING—RELIEF ON DETERMINATION.
    Where the lack of merit on the part of defendant appears from the record on motion by plaintiff for judgment on the pleadings under Code Civ. Proc. § 547, leave of court need not be given; but, where it is determined on such a motion that a pleading is insufficient, the defeated party should be allowed to amend when the pleadings themselves show that the defeated party has either a cause of action or a meritorious defense which has been improperly pleaded, or the court may allow the defeated party, on settlement of the order, to introduce proof by affidavit or by a proposed amended pleading that he has a good cause of action

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or meritorious defense, and may permit the pleading to be amended on such terms as will secure substantial justice.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1070–1077; Dec. Dig. § 350.*]

Action by Framingham Trust Company against Harold G. Villard. Motion to vacate an order entered upon a decision for plaintiff on motion for judgment on the pleadings. Order vacated and set aside.

Wylie C. Margeson, for plaintiff.

Strong & Mellen (Charles H. Strong, of counsel), for defendant.

PAGE, J. This is a motion to vacate the order entered upon a decision in favor of the plaintiff on motion for judgment on the pleadings, or, in the alternative, to resettle the order by inserting leave for the defendant to serve an amended answer, or the recital that leave to amend was requested and refused.

The original motion was for judgment on the pleadings (complaint and answer), pursuant to section 547 of the Code of Civil Procedure, and was granted. On the settlement of the order application was made for leave to serve an amended answer, which was then presented. After considering the answer, leave to amend was refused. The attorney for the defendant claims that the court overlooked certain controlling authorities which had established, as they claim, the right of the defeated party to amend, almost as of course, on the determination of a motion of this character; specifically calling attention to the decision of Mr. Justice Bischoff in Bull v. Qualley, based upon the case of Delmar v. Kinderhook Knitting Co., and further citing Bradbury's Rules of Pleading, p. 1736, which says:

"In the First Department the rule is that a party should have leave to amend almost as of course, when his 'pleading has been held insufficient on a motion under section 547. Delmar v. Kinderhook Knitting Co., 134 App. Div. 558 [119 N. Y. Supp. 705]; Ross v. Pizer, 132 App. Div. 696 [117 N. Y. Supp. 404]; Bull v. Qualley, N. Y. Law Journal, Jan. 26, 1911 (Bischoff, J., N. Y. Special Term). In the Second Department, on the other hand, it is held that in such a case the defeated party should merely have leave to apply at Special Term for permission to amend, which should only be granted upon showing merits. McCarthy v. Heiselman, 140 App. Div. 240 [125 N. Y. Supp. 13]; Theiling v. Marshall, 140 App. Div. 134 [124 N. Y. Supp. 1066]."

It seems to me that the learned counsel for the defendant has been misled by the construction placed upon these decisions by the author of the text-book, who in turn has misconceived the rulings in the cases cited.

The difference in practice between the First and Second Departments, as shown by the cases cited above, is that, in the Second Department, the Appellate Division, on reversal of an order denying a motion for judgment and the granting of the motion for judgment, has not passed upon the question of amendment itself, but has remitted the parties to the Special Term to apply for such leave upon affidavits showing a meritorious defense; while in the First Department, the Appellate Division has itself granted or refused leave to amend without remitting

the parties to the Special Term. I do not find, however, that the Appellate Division of the Second Department has sought to control the discretion of the judge at Special Term in granting such relief by way of amendment of pleading on the decision of the motion for judgment on the pleadings. Nor do I understand that the Appellate Division in the First Department has stated that leave to amend should be granted almost as of course. Upon an examination of the case of Bull v. Qualley, supra, it does not appear that Mr. Justice Bischoff can be cited as adopting the rule stated by Mr. Bradbury. In the Law Journal of December 7, 1910, will be found Mr. Justice Bischoff's decision on the original motion for judgment, wherein he, in effect, overruled the demurrer and granted leave to the defendant to answer. His power to grant this relief, without requiring an affidavit of a meritorious defense, was challenged on the settlement of the order; and he very properly held (N. Y. L. J., Jan. 26, 1911):

"The case of Delmar v. Knickerbocker Co. [Kinderhook Knitting Co.], 134 App. Div. 558 [119 N. Y. Supp. 705], supports the practice in this department of permitting an amendment, without proof of merits, upon the determination of a motion under section 547 of the Code of Civil Procedure. No different rule is suggested by the later cases of Schleissinger v. Goldsticker, 135 App. Div. 435 [120 N. Y. Supp. 333], and Ventriniglia v. Eichner, 138 App. Div. 274 [122 N. Y. Supp. 966]. In Mitchell v. Dunmore Realty Company, 132 App. Div. 180 [116 N. Y. Supp. 812], the lack of merits was apparent from the record; hence the amendment was not allowed."

The most that can be said to have been determined by Mr. Justice Bischoff is that, where the defendant has demurred to a complaint and thus not disclosed his defense, the court can grant the same relief that is generally granted upon a decision adversely to the demurrant upon the trial of an issue of law, i. e., grant him leave to withdraw his demurrer and to answer. But, where the lack of merit is apparent from the record, leave to amend need not be given. There is no rule, however, in this department that a party should have leave to amend almost as of course when his pleading has been held insufficient on a motion under section 547. On the contrary, the plaintiff claims the only motion before the court was his motion for judgment on the pleadings, and the power of the court was limited to the determination of that motion, and, if defendant desired to amend his answer, he should have made a motion to that effect, citing the opinion of Mr. Justice Laughlin in Mitchell v. Dunmore Realty Co., 132 App. Div. 180, 182, 116 N. Y. Supp. 812, which in terms holds in accordance with plaintiff's construction. It is to be noted, however, that this is a concurring opinion, in which none of the other justices joined. The position of the learned justice is in accord with the reason of the opinion of the court in Ventriniglia v. Eichner, supra, and also with the dissenting opinion of Mr. Justice McLaughlin in National Park Bank v. Billings, 144 App. Div. 536, 550, 129 N. Y. Supp. 846. The opinion of the majority of the court in this last case, which has since been adopted by the Court of Appeals (96 N. E. 1122), held that, where an issue of law is brought before the court on a motion under section 547 of the Code of Civil Procedure, the order should contain appropriate provisions giving leave to amend or plead over, thus overruling Ventriniglia v. Eichner, supra, and depriving Mr. Justice

Laughlin's opinion in Mitchell v. Dunmore Realty Co. of any authoritative effect. The practice on motion for judgment on the pleadings, consisting of complaint and demurrer, has been settled.

But the power of the court at Special Term to grant leave to amend on the determination of a motion for judgment on the pleadings, consisting of complaint and answer, without a separate motion being made therefor, has not been authoritatively settled. The Special Term would not have the power if the courts are to adopt the theory clearly and succinctly stated by Mr. Justice Laughlin in Mitchell v. Dunmore Realty Co., supra, that the purpose of the Legislature was to merely advance the time of the making of the motion for judgment on the pleadings, limiting the authority of Special Term for motions to the powers possessed by a Special Term for trials of an issue of fact, or a Trial Term, under the prior practice, i. e., the justice at Special Term, for motions can only determine whether the judgment should be given on the pleadings as they stand, and, on the determination of that motion, could stay the entry of judgment until another motion for leave to amend could be made. I do not believe that to have been the intention of the Legislature. My views may be influenced by the fact that I was a member of the Senate at the time this section was adopted and participated in the discussion which preceded its enactment. To so limit the authority of the Special Term for motions adds an appealable interlocutory order to a practice already overburdened in that respect. The reasons for limiting the power of the court at Trial Term or Special Term for trials of issues of fact are obvious. If the complaint should be amended by bringing in substantially a new cause of action, the defendant should have the right to plead to the new allegations of fact and sufficient time to meet the issues thus raised; and it would be manifestly unfair to force a plaintiff to proceed with the trial of issues raised by an amended answer for which he had no opportunity to prepare. Therefore the trial justice should be limited to the decision upon the sufficiency of the pleadings as they then existed, giving permission to apply to Special Term for motions for leave to amend, where the matter could be determined without injustice to either party. When the motion for judgment on the pleadings is made at the Special Term for motions, these reasons do not obtain. The rights of the parties are not seriously affected if, on determining that a pleading is insufficient, leave is given on the settlement of the order to the defeated party to submit an affidavit showing that he has a meritorious defense or a good cause of action, and providing in the order that, upon terms therein prescribed, he shall have leave to serve an amended pleading. It seems to me to unnecessarily complicate the practice for the court to grant the motion for judgment and to stay the entry thereof until another motion can be made returnable in the same part of the court for leave to amend. I believe it was the intention of the Legislature not only to advance the time of making the motion, but, by allowing the motion to be made in the first instance in that part of the court to which the Trial Term must refer the parties for ultimate relief, to authorize the court not alone to decide the question that theretofore would have been determined by the Trial Term, but also to determine the further

question which the Trial Term would grant the party leave to present to the Special Term; thus simplifying the practice and saving an unnecessary waste of time. The practice, in so far as the motion under section 547 is made where a demurrer has been interposed, has been settled; and the rule now is that the court may make such provision in the order as it may deem appropriate for an amendment of the defective pleading. If it appears from the pleadings that an amendment should be made, or the demurrant should have leave to withdraw the demurrer and answer or reply, it may grant the relief without requiring additional proof. If it does not so appear to the satisfaction of the court, it may require proof, by affidavit or the submission of the proposed amended pleading, that in the interest of justice such relief should be granted. I believe, where a demurrer has not been interposed, and a motion is made under section 547 on complaint and answer, that the court, having determined that the complaint or answer is defective, should, when the pleadings themselves show that the party has either a cause of action or a meritorious defense which has been improperly pleaded, allow the defeated party to amend his pleading. And, if it does not so appear, then the court may allow the parties on the settlement of the order to submit proof by affidavit or by a proposed amended pleading that he has a good cause of action or a meritorious defense, as the case may be, and make provision for allowing an amendment on such terms as will accomplish substantial justice in the premises.

While I do not feel that the proposed answer in this case is skillfully drawn, it is alleged that the note was delivered to Brown upon the agreement that he would have the same discounted and send the proceeds to defendant or his agent for the purpose of promoting the sale of certain lands in Kentucky, and that the note was to be paid out of the proceeds of the sale of the said lands, or, if the land should not have been sold by the due date, that the note should be renewed, and in no event was defendant to pay the same; that Brown violated every condition upon which the said note was delivered; that Brown delivered the note to the plaintiff as collateral security for a prior note of his own which plaintiff held; and that plaintiff has not released Brown from his liability upon his own note. Evidence of these facts would tend to defeat plaintiff's cause of action, for plaintiff would not be a bona fide holder in due course; and the burden would be cast upon plaintiff to show that it took the note without notice of the defect in title. Neg. Inst. Law (Consol. Laws 1909, c. 38) §§ 91, 94, 95; American Ex. Nat. Bank v. New York Belting Co., 148 N. Y. 698, 43 N. E. 168; German American Bank v. Cunningham, 97 App. Div. 244, 246, 89 N. Y. Supp. 836.

The defendant should therefore be allowed to serve an amended answer. On the reargument of this motion, therefore, the order entered herein on the 26th day of July, 1911, will be vacated and set aside, and the motion of the plaintiff for judgment on the pleadings will be granted, with $10 costs, unless the defendant shall, within 10 days, serve an amended answer herein and pay the costs of this motion, and $15 costs before notice of trial. Settle order on notice.

Ordered accordingly.