(156 App. Div. 327.)

### MARTIN v. PALMER et al.

(Supreme Court, Appellate Division, Second Department. April 25, 1913.)

1. PLEADING (§ 34*)—DECLARATION—PRESUMPTION.

> The rule that a fact once shown to have existed is presumed to have continued until the contrary be shown is solely one of evidence, and not of pleading, so that where a complaint merely alleged that plaintiff's ancestor was in possession of lands prior to his death, it cannot be presumed that he was in possession at the time of his death, so as to save the complaint against a demurrer for want of facts.
>
> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PARTITION (§ 55*)—PLEADING—SUFFICIENCY.

Where a complaint in partition set forth the facts on which the pleader relied to establish his title, and such facts were insufficient, a general allegation that he and others were seised of the property in fee simple under the laws of inheritance will not supply the missing facts necessary to show title, for the general allegation cannot be construed as if standing alone.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 148–159, 182; Dec. Dig. § 55.*]

Appeal from Special Term, Westchester County.

Action by Morgan L. Martin against John T. Palmer and another. From an order denying their motion for judgment on the pleadings, and overruling their demurrer to the complaint, defendants appeal. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Carl S. Stern, of New York City, for appellants.

Charles E. Hunter, of New York City, for respondent.

JENKS, P. J. The defendants Palmer appeal from an order of the Special Term that denies their motion for judgment on the pleadings and overrules their demurrer that the complaint did not state facts sufficient to constitute a cause of action.

[1] In form the action is for partition of realty. The first 18 paragraphs of the complaint purport to set forth the chain of title from John Richbell, who it is alleged was seised of title and possessed of the premises in October, 1663. It is alleged that he died in 1684; but there is no allegation that he was so seised or so possessed at any time subsequent to 1663, or that he was so seised and so possessed at the time of his death. The pleader failed to plead that any of the alleged heirs at law or devisees of Richbell and his descendants since were seised or were possessed of the premises. But the court cannot assume that Richbell was seised and was possessed of the premises in 1684, from the allegation of such seizure and such possession in 1663. The rule that a fact once shown to have existed is presumed to have continued until the contrary be shown is one of evidence, not of pleading. Abbott's Trial Brief on the Pleadings, § 53. The court cannot assume that the premises continued in the family throughout the many generations thereof that followed John Richbell.

[2] The final allegation that the plaintiff and certain defendants, under and by virtue of the laws of inheritance of the state of New York, were and are seised in fee simple absolute of the above-described property and every part thereof is not to be construed as if standing alone, because the pleader theretofore had set forth the facts relied on to show the title, and if these facts are defective this subsequent allegation is not curative as against demurrer. Ely v. Azoy, 39 Misc. Rep. 669, 80 N. Y. Supp. 620, citing Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928, 10 L. R. A. 816; Turner v. White, 73 Cal. 299, 300, 14 Pac. 794; Reiners v. Brandhorst, 59

How. Prac. 91; Henriques v. Yale University, 28 App. Div. 354, 51 N. Y. Supp. 284, appeal dismissed 157 N. Y. 672. In addition, the complaint fails to state any reason why the Palmers are made parties defendant to this action. The Code of Civil Procedure specifies those persons who must be made parties defendant to an action for partition (section 1538), and certain other persons who may be made such parties at the election of plaintiff (sections 1539, 1540). These defendants do not fall within either class. The complaint, read as a whole, states that they neither have nor claim any interest therein.

The order is reversed, with $10 costs and disbursements, and the motion granted, with costs, with leave to the plaintiff to amend his complaint within 20 days, upon payment of costs and also the costs and disbursements of this appeal. All concur.