ANNIE L. HUNTER, Respondent, *v.* SIDNEY E. WILLARD and Others, Defendants, Impleaded with BRUNO J. KORNAU, Appellant.

Second Department, December 22, 1916.

Pleading — partition — ejectment — demurrer to complaint sustained.

A complaint in an action in partition which seeks incidentally to eject the defendant from the lands as not being the owner thereof sufficiently states a right to the latter relief where it in substance alleges that the plaintiff and others are seized in fee simple and entitled as tenants in common to the immediate possession of the lands described and that one of the defendants (whom it is sought to eject) is in occupation of the premises and wrongfully and unlawfully withholds possession thereof from the plaintiff and the parties entitled thereto as owners in fee.

But the complaint is subject to demurrer where, in addition to the allegations aforesaid, the plaintiff attempts to plead title by alleging that the title of the plaintiff and others was acquired under the statute of descent as of the surviving next of kin of a certain person who died seized and possessed of the premises.

Where one pleads title and right to possession generally and further pleads the facts upon which title and right to possession are based, both allegations must be considered together when the pleading is attacked by demurrer for insufficiency.

APPEAL by the defendant, Bruno J. Kornau, from an interlocutory judgment of the Supreme Court in favor of the plain-

tiff, entered in the office of the clerk of the county of Queens on the 8th day of May, 1916, upon a decision of the court overruling his demurrer to the amended complaint.

*Harry H. Altman,* for the appellant.

*John L. Lindsay,* for the respondent.

CARR, J.:

This is an appeal from an interlocutory judgment overruling a demurrer to the complaint on the ground of insufficiency. The action is in partition, but incidentally it is against the demurring defendant to eject him from the real property as not being the owner thereof. The complaint is very crude. The first allegation states that the plaintiff and certain of the defendants (excluding the appellant) "are seized in fee simple and entitled as tenants in common to the immediate possession of all and singular the following described lands and premises." There is a further allegation that "the defendant, Bruno J. Kornau, is in occupation of the premises and wrongfully and unlawfully withholds possession thereof from the plaintiff, and the parties entitled thereto as owners of the fee, as above set forth." These allegations, standing alone, would be sufficient in ejectment as against the defendant Kornau. (*Baker* v. *Carrington,* 34 Misc. Rep. 54.) But the plaintiff has not contented herself with these allegations, but has attempted to plead the source of her title and right to possession as follows: "That the title of the parties aforesaid [excluding the defendant Kornau] to the said premises hereafter described was acquired under the statute of dissent [clerical error for descent] as all the surviving next of kin of Adam Willard, deceased, who departed this life intestate in the Spring of 1876 seized and possessed of said premises." Obviously this is not a good pleading of title. Where one pleads title and right to possession generally and further pleads the facts upon which title and right to possession are based, both allegations must be considered together when the pleading is attacked by demurrer for insufficiency. (*Martin* v. *Palmer,* 156 App. Div. 327.)

The interlocutory judgment overruling the demurrer is reversed, with costs, and the demurrer is sustained, with costs,

with the privilege to the plaintiff to serve an amended complaint within twenty days on the payment of costs and disbursements.

JENKS, P. J., STAPLETON, MILLS and RICH, JJ., concurred.

Interlocutory judgment overruling demurrer reversed, with costs, and demurrer sustained, with costs, with the privilege to plaintiff to serve an amended complaint within twenty days on payment of costs and disbursements.