ARTHUR J. CROOK, Appellant, v. CLARENCE LICOURT, Respondent.

Fourth Department, March 17, 1926.

Ejectment — complaint — plaintiff's title and description of premises should not be shown by setting out complete chain of title.

In an action in ejectment the complaint is defective which purports to show plaintiff's title to the premises in question and to describe those premises by setting out the complete chain of title. The plaintiff should allege in concise language the nature of his title and a definite and certain description of the premises involved, but should not place upon the defendant the burden of determining the description as the result of deductions and inferences from the various facts alleged in the chain of title.

APPEAL by the plaintiff, Arthur J. Crook, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Oswego on the 11th day of January, 1926, striking out certain allegations from plaintiff's second amended complaint.

*Don Carlos Buell*, for the appellant.

*Chapman, Newell & Crane* [*Chester J. Parker, Jr.*, of counsel], for the respondent.

PER CURIAM. The action is in ejectment. The order below strikes out various paragraphs of the second amended complaint as irrelevant, repetitious and evidentiary and directs a more definite and certain description of the property in dispute. The complaint in its present form seems to be the result of earlier attacks on the pleadings. Appellant contends that it sets forth as a first cause of action all facts necessary in ejectment, pleaded in the usual form, showing plaintiff's title without alleging its derivation, though as incidential to a description of the premises such derivation appears; and that as a second cause of action all facts necessary both in ejectment and in the statutory action to determine a claim to real property are properly pleaded including the derivation of plaintiff's title. (See Rules Civ. Prac., rules 240, 241; Real Prop. Law, § 500 *et seq.*, added by Laws of 1920, chap. 930, as amd. by Laws of 1925, chap. 565.) With this contention we disagree. The particular points earnestly insisted on by appellant are (a) the right as of necessity to describe the premises in the manner adopted, and (b) the right to show the derivation of plaintiff's title by setting up the entire chain of title.

The description of the premises, if it appears at all, appears as a result of deductions and inferences from the various facts alleged or, as counsel put it on the argument, " by a process of

elimination." That method of description is not, as we think, shown to be necessary. It is, therefore, improper. (*Gutta-Percha & Rubber Mfg. Co.* v. *Holman*, 150 App. Div. 678.) The right to set up the entire chain of title in the complaint and to require defendant to meet by answer all the varied facts involved therein is one for which we find no authority in this State. In any real property action, plaintiff must, as the pleading phrase goes, show his title — that is, he must state some fact or facts which give him the right to possession, as that he is the owner of the fee or of a term of years or otherwise. The ordinary form of statement is that plaintiff is the owner in fee or otherwise and is entitled to the immediate possession of certain described premises. He may, however, show his title by deed, alleging that his grantor was, on a certain date, lawfully seized of certain described premises and while in such ownership and possession conveyed the same to plaintiff by a certain described deed. Similarly, if plaintiff's title comes to him by devise or by descent, the facts may be pleaded. But ordinarily it is neither permissible nor necessary to go back and set forth the entire chain of title in the grantor, devisor or ancestor. It may be conceded that instances may be found where this has been done, as in *Martin* v. *Palmer* (156 App. Div. 327), where the facts were quite unusual. But in those instances so far as we can ascertain, no objection was raised. The complaints in most of the cases cited on appellant's brief will, upon examination, be found to allege title in one or the other of the recognized and permissible methods mentioned above. (See, for instance, *Masterson* v. *Townshend*, 123 N. Y. 458; *Theiling* v. *Marshall*, 140 App. Div. 134, 136; *Hunter* v. *Willard*, 176 id. 204.) When those and other cases are cited in commonly-used books of rules and forms of pleading as authority for a statement that if plaintiff chooses to set forth his title, he must do so fully and show facts from which his title will spring, it is clear that the original source and entire chain of title from which plaintiff's title comes is not meant at all. What is meant is the title by deed, devise or descent as stated in the complaints in the authorities cited.

The order should be affirmed, with ten dollars costs and disbursements, but with leave to plaintiff at his option to draw and serve an entirely new complaint.

Present — HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ. All concur.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff at his option to draw and serve an entirely new complaint.